Judge Marshall
delivered the Opinion of the Court.
This bill was filed by John Heatherby, as assignee of James Amos, sole heir and distributee of Joseph Amos, deceased, against J. B. Amos and James Wilson, administrators of Joseph, and their sureties, for an account and distribution of the estate of the decedent. A decree was rendered in favor of the complainant, for two hundred and seventy eight dollars, from which the defendants have appealed.
A settlement made by the administrators with the County Court commissioners, is exhibited in the bill, which surcharges several of the credits therein allowed,
Adin’rs cannot be permitted to make profit by paying off debts of the estate in property of their own , estimated above its actual value. They must be credited with its actual value only; not with the nominal amount of the debts of the deee dent, which they may have extinguished, or purchased up, with their individual property.
A second settlement was made by one of the administrators, a short time after this suit was commenced, and both are relied on by the defendants, so far as credits are therein allowed. As this last settlement was introduced and used without objection, and as, moreover, there is some evidence in favor of its items, and as no presumption arises against any of them from their own character, or that of the vouchers, it should be taken as one of the data for estimating the amount of the fund in the hands of the administrators. Upon these two settlements, after correcting a small mistake in the addition of the credits allowed in the last, there appears to be a balance in their hands of one hundred and ten dollars and seventy five cents, which is subject to increase or diminution according to the allegations and proofs in the cause.
Of the surcharges attempted on the part of the complainant, two only are sustained in such a manner, by the proof, as to require notice.
First. It is alleged that a credit was,alIowed of one hundred dollars, for the payment of that sum due from the deceased, when in fact a receipt for that sum was obtained from the creditor on the payment of not more than about forty dollars. The proof is that, the creditor had received from one of the administrators in discharge of one hundred dollars of his debt, a mare belonging to the administrator in his own right, and had thereupon given a receipt for one hundred dollars, on which the administrator was allowed a credit for that sum. The value of the mare is variously estimated by the witnesses, at from forty to sixty five dollars. There is little doubt that the creditor was inclined to take her in payment, under the impression that there would be great difficulty in otherwise obtaining payment; and making all reasonable allowances for difference of opinion, the evidence furnishes no ground for supposing that she could have been sold for more, or was considered by the creditor as worth more in money, than seventy five dollars, if so much. An administrator cannot thus make a profit out of the estate committed to his charge. The essence of the transaction is, that, as administrator, *47 and with the funds of the estate, he purchases his own individual property for the use of the estate, and pays it away to a creditor, who is willing to take what he can get. If he had not paid it away, but retained it in use in the necessary business of the estate (as might sometimes be proper,) he certainly would have been restricted in the credit allowed for the purchase, to what may be shown, by the opinion of his neighbors and otherwise, to be a fair price for the property. And as the price at which, under the circumstances above stated, he may be able to put the property off in payment of a debt of the estate, furnishes no true criterion of its fair value, he must in this case also, abide by the proof which may be made on the subject. And on the proof, in this case, -we are of opinion that more than seventy five dollars could not properly -be credited on account of this transaction.
Tha evidence of a single witness will sustain an al legation of a bill, against the denial of an answer, when the answer, taken in a literal, restricted sense, may be true, although the evidence establishes the allegation in substance, tho ’ not in form, and is, therefore, not in direct conflict with the strict lit eral import of the answer.
, Second. The remaining surcharge relates to a credit of one hundred and fifty six dollars, allowed on a receipt for that sum paid to a creditor of the estate.— The bill alleges that the debt of one hundred and fifty six dollars was discharged by the payment of sixty dollars and no more. The administrator who obtained the receipt says, in substance, that the charge that the receipt was obtained, or the debt discharged, by the payment of sixty dollars and no more, is false; but does not deny that it was discharged by payment of a less sum than one hundred and fifty six dollars, nor say how much was in fact paid. A single witness, the same who attested the receipt, states that he was called on by the administrator, to aid him in purchasing in the debt; that the administrator represented to the creditor, who was a non-resident, the difficulty of getting any thing from the estate, and that the receipt was given solely in consideration of the administrator’s note for sixty dollars. Now, it is obvious that the answer may be literally true, and yet the deposition may also be true; and as the defendant has confined himself to a literal denial of the allegation in the words in which it was made, without meeting the real object and effect of the charge, there is neither injustice nor impropriety in placing a literal and restricted construction on his denial. The proof is that *48 he bound himself to pay sixty dollars, and that this was the sole consideration of the receipt. There can be no doubt that this proof substantially supports the allegation of the bill; and yet it is not necessarily inconsistent with the literal denial of the answei-. For the note may not yet be paid, or it may have been paid after it became due, when the principal and interest amounted to more than sixty dollars. Ahd, in either event, the answer would be literally true, and the statement of the witness may be true, and the allegation of the bill would be substantially true. It may be added that the non-residency of the creditor, and the impression which seems to have prevailed, that the estate was insolvent, together with the details given by the witness, and the fact that, by being called on to attest the receipt he is made a special witness of the transaction, afford some corroboration of his statement. And taking these circumstances in connection with the character of the answer, and of the point in issue, we think the deposition should be deemed sufficient to establish the fact, that the debt was discharged by the note for sixty dollars, and that therefore, the administrators were entitled to a credit of sixty dollars only, instead of one hundred and fifty six dollars, on this account.
Interest is to be charged against adm’rs, on items disallowed in accounts surcharged.
The excess of credits allowed upon these two items amount to one hundred and twenty one dollars; and as, by claiming and procuring an improper credit for the payment of that sum, when it in fact remained in their hands, they must be considered as appropriating it to their own use, they have thereby rendered themselves justly liable to pay interest thereon from the date of the settlement, when it was claimed and allowed, up to the rendition of the decree. (Singleton’s Heirs vs. Singleton’s Executors, 5 Dana, 97.) Adding this principal and interest to the balance appearing against the administrators, on the settlements as above stated, the gross sum was about two hundred and eighty six dollars, at the date of the decree.
Several credits or deductions are claimed in the answer of one of the administrators, on account of demands against the estate, asserted since the last settle *49 ment, but these are not sufficiently established, by proof in this cause, and if they should be hereafter established, the refunding bond executed by the complainant, will be sufficient to meet the contingency.
Administrators took notes of the sole distributee, who became insolvent, and assigned away his interest in the es tate. In a settlement with the assignee, the administrators are entitled to credit for 'those notes, as the distribu-tees connexion with the estate should excuse them for any la-ches in allowing him credit, & fail ing to collect the debts while he was solvent. But the assignee is entitled to the. notes.
A credit for the amount of a note with which administrators are charged, is claim ed, on account of the debtor’s insolvency: as they do not produce the note, & have made two settlements without claiming the credit, it is disallowed. Claims of that sort, not set up in their answer, by the adm’rs, should not be allowed.
Credits are also claimed in the same answer, for the amount of three notes charged against the administrators, in the settlements with the County Court, on the ground that the obligors are insolvent, and one of them a non-resident. As to two of these notes — one for eleven dollars and the other for eighty six dollars, both executed by James Amos, we are of opinion that the credit claimed should, be given, to be deducted from the balance of one hundred and ten dollars and seventy five cents, appearing against the administrators on the settlement. The evidence conduces to show that the obligor was insolvent, and from his peculiar relation to the estate, being sole heir and distributee, the administrators ought not to be charged by his assignee, on account of mere laches, either in first giving him credit, or in any indulgence afterwards given, at least up to the time of the assignment of his interest, at which time he was insolvent. But the complainant is entitled to the note for eighty six dollars, which is filed, and also to the benefit of the judgment for eleven dollars, if he chooses to take them; and this right should be provided for in the decree. In a contest with a creditor of the estate, this deduction would not be made upon the evidence now in the record.
In relation to the third note, which is for four dollars and seventy five cents, it is sufficient to say, that it is not exhibited or tendered by the administrators, nor is its absence accounted for, and it is by no means certain that the amount may not have been received by the administrator who first had possession of it. There is no sufficient ground for deducting this sum after it has stood as a charge against the administrators in two settlements, between which there was an interval of five years. This remark applies, also, to a clairp urged in argument, that a deduction should be made of two hundred and twelve dollars, charged as a debt due to the estate on account of the insolvency of the debtor. It may also be remarked, that the settlement in which this charge is first *50 made, affords intrinsic evidence that the debt, if not then paid, was at least deemed entirely good. But a decisive answer to this claim is that it is not set up in either of the answers; nor is there any intimation in the pleadings that this charge was deemed unjust by the administrators.
Upon deducting ninety seven dollars (the amount of the two notes on James Amos) from the charges against the administrators, the balance against them, as shown by the settlements, is reduced to thirteen dollars and seventy five cents. For the aggregate amount of ■ this sum, without interest, and the sums improperly allowed them as credits as above pointed out, with interest on these last sums from the date of the allowance to the final decree, they are responsible to the complainant, as for money in their hands. And as this aggregate amount is considerably less than the sum decreed against them; the decree is, therefore, reversed, and the cause remanded with instructions to render a decree in favor of the complainant for the sum here indicated, making provision as above directed, with regard to the note and judgment on James Amos; which if not received by the complainant, will of course remain with the administrators as subjects of future settlement.
In coming to this conclusion of the case, we have disposed of the cross errors which complain merely that the decree is for too small a sum.