HARTWELL *vs.* WHITMAN.

[BILL IN EQUITY BETWEEN CO-SURETIES FOR CONTRIBUTION.]

1. *Weight of answer as evidence.*—Where the bill alleges that an original paper, a copy of which is appended as an exhibit to the bill, is in the defendant's possession, and specially interrogates him as to the correctness of the alleged copy, and requires him to point out the differences (if any) between it and the original; and the defendant specifies in his answer two particulars in which the alleged copy differs from the original, and avers that there are other differences which he cannot recollect,—this does not impose upon the complainant the *onus* of proving the correctness of the alleged copy.

2. *Variance, and substance of proof.*—In a bill between co-sureties for contribution, alleging that the defendant received a certain draft from the principal as an indemnity, and gave a receipt for the same, wherein it was recited and stipulated that the money col-

Hartwell· v. Whitman.

lected on the draft should be applied to the payment of the judgment against the two sureties,—the date of the receipt, and the description of the judgment, are immaterial matters; consequently, a variance between the allegations and proof, in these particulars, is not fatal to the plaintiff's case.

3. *Right of contribution between co-sureties.*—In the absence of special circumstances rendering the general rule inapplicable, one surety is entitled to share in the benefit of any indemnity which a co-surety may have obtained from their principal, although such indemnity may have been intended for the benefit of the latter surety alone.

APPEAL from the Chancery Court of Lowndes.

Heard before the HON. WADE KEYES.

THE bill in this case was filed, on the 28th February, 1854, by James K. Whitman, against Thomas C. Hartwell, and alleged these facts: That on the 28th March, 1850, said Whitman and Hartwell, as sureties of one W. F. Read, executed a promissory note for $640, jointly with their principal, payable on the 1st January, 1851, to one Thomas M. Williams; that suit was afterwards brought on this note, against all the makers, and judgment was thereon recovered against them; that Read afterwards placed in Hartwell's hands, as an indemnity against this judgment, a draft for $1300 on the managers of the *Lowndesboro Female Institute*, the proceeds of which, when collected, were to be applied by Hartwell to the payment of said judgment; that Hartwell gave Read a receipt for this draft, specifying therein the contract under which it was received; that said original receipt, of which an alleged copy was appended to the original bill, was in the defendant's possession; that the complainant was afterwards compelled to pay one-half of said judgment under execution; that the defendant collected the money due on the draft, but refused to appropriate it to the satisfaction of said judgment, or to let the complainant share in it, etc. The defendant answered the bill; admitting his suretyship with the complainant, the rendition of the judgment on the note, his receipt of the draft from Read, and his collection of the money due on said draft; but denying the alleged terms of the contract under which he
46

received the draft, and the correctness of the alleged copy of the receipt which he gave for it; and alleging that he received the draft as an indemnity against other liabilities as surety for said Read. The material averments of the bill and answer, in reference to these matters, being particularly stated in the opinion of the court, need not be here repeated. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is now assigned as error.

BAINE & NESMITH, for appellant.

THOMAS WILLIAMS, *contra*.

A. J. WALKER. C. J.—That the defendant, Hartwell, received a draft from Read, the principal of himself and his co-surety; that this draft was collected by the defendant; that he executed a receipt for the draft; that the receipt went into his possession, and that he fails to produce it in answer to the complainant's call, upon the plea that it is lost or mislaid,—are uncontroverted and indisputable facts in this case. The complainant exhibits with his bill what is alleged to be a copy of the receipt; and it is contended, that the denial of the answer casts upon the complainant the *onus* of proving the correctness of his alleged copy by two witnesses, or by one witness supported by corroborating circumstances. In the answer to the original bill, the defendant simply excuses himself for not admitting the exhibit to be a correct copy of the receipt, on the ground of a want of recollection. A supplemental bill was filed by the complainant, in which it was averred, that the defendant had, after filing his answer to the original bill, come into the possession of the receipt; and the defendant is interrogated as to the correctness of the alleged copy, and called upon to designate the points of variation from the original, if any such exist. The defendant answers, that the alleged copy differs from the original in its date, and in the fact that it contains the name of Whitman; and that there are other differences, which he cannot remember or state.

The assertion of the answer, that there were other dif-

Hartwell v. Whitman.

ferences, besides the two specified, which could not be particularized, does not require the measure of countervailing evidence claimed by the defendant. To impose that burden upon the complainant, it is requisite that the denial should not be evasive, but should be clear, unequivocal, and positive.—3 Greenl. on Ev. 287; Savage v. Benham, 17 Ala. 119; Farman v. Brooks, 9 Pick. 213–250; Amos v. Heatherly, 7 Dana, 45. The rules of chancery practice, as well as the interrogatories propounded, required the defendant to do more than to make a literal denial of the correctness of the exhibit: they required him to go on and specify the inaccuracies.—Russey v. Walker, 33 Ala. 532; White v. Wiggins, *ib.* 424. If he fails to do so on account of a deficiency of memory, the higher measure of proof is not required. His memory does not enable him to controvert the correctness of the several parts of the instrument; and his answer is not *clear, unequivocal, and positive,* but is uncertain, doubtful, and indefinite, in its failure to specify what parts are incorrect.

If the complainant were required to prove the correctness of every part by two witnesses, that exaction would necessarily be made as to portions of it not denied; for the denial does not cover every part of it. The burde of showing the correctness of the exhibit by two witnesses, or by one with a corroboration, is not by the answer cast upon the complainant, as to any part of the instrument save the two particulars specified. One of these particulars is the date of the receipt, which is altogether immaterial; for it is apparent that the instrument was executed at such a time as comports with the equity of the bill. So, the fact that the complainant's name did not occur in the original, as it does in the alleged copy, is utterly immaterial in this controversy. The complainant's name is only inserted in the description of the judgment, and its insertion or exclusion does not affect the terms of the contract. If the difference exists, as stated in the answer, it produces no repugnancy of description; and the fact that the judgment is described by a statement of the names of all the defendants in the exhibit, while the defendant says it

was described in the original by the names of two of the defendants, does not affect the equity of the case; for it is certain that the judgment intended to be designated is that described with fullness in the exhibit.

[2.] No question of variance between the allegations and proof can arise. The equity of the bill may be maintained upon the allegation, that the principal of the complainant and defendant placed the draft in the hands of the latter, to pay off the debt. So far as the equity of the bill is concerned, the allegation as to the copy of the receipt is surplusage. It is appropriate evidence to sustain the material averment above noticed; and a court of equity will apply the receipt to the subject-matter intended, notwithstanding there may have been an incompleteness in the description. *Falsa demonstratio non nocet.*—Morrison v. Taylor, 21 Ala. 779; Doe v. McClosky, 1 Ala. 736; Posey v. Decatur Bank, 12 Ala. 817; Johns v. Church, 12 Pick. 557. The complainant has one witness, who proves the handwriting of the receipt—that he made a copy of it, and that the exhibit is that copy. Upon the proof of this witness alone, the complainant's equity was sustained. The witness says that he has seen the defendant write, and that the signature to the receipt is his. There is implied in this an assertion that he knows the handwriting.

[3.] In the absence of circumstances which would make the application of the rule inequitable, one surety is entitled to share in the benefit of any indemnity which another may have received from the common principal, even though the indemnity may have been intended for the protection of the latter alone.—White v. Banks, 21 Ala. 705; Tyus v. De Jarnette, 26 *ib.* 280; Steele v. Manning, 24 *ib.* 285; Steele v. Brown, 18 *ib.* 700; Pinkston v. Taliaferro, 9 *ib.* 547. Upon this principle, it is clear that the complainant was entitled to participate in the indemnity placed in the hands of the defendant, unless some reason to the contrary is shown by the defendant. As a reason why the complainant should not share in the indemnity, it is contended, that he is indebted to Read, the principal, in an amount exceeding the sum paid

by him as surety. The *onus* of sustaining this defense is upon the defendant. The declarations of Read, as to the amount of complainant's indebtedness, are entitled to no consideration, because they are not evidence against him. Excluding the statement of Read from view, the evidence fails to convince us that the complainant, upon an adjustment of his accounts with Read, aside from his suretyship, is indebted to him. The testimony of the complainant and defendant on this point is vague, and leaves the question in such doubt that it is impossible to affirm with confidence on which side is the balance of account between the complainant and Read. We rather incline to the opinion, that it is in favor of the complainant. As the *onus* of proof is upon the defendant, we must treat the defense upon this point as unsustained.

The defendant has sustained no injury by ordering his answer to be taken from the files. The answer which he substituted subserved every purpose useful to him and prejudicial to his adversary which the excluded answer would have done.

Our decision is not based upon any illegal testimony; and it is, therefore, not important that we should notice the defendant's exceptions to testimony.

The decree of the chancellor is affirmed.

STONE, J., not sitting.