# Bryan *v.* Hendrix.

*Bill in Equity for Injunction and Reformation of Deed.*

1. *Irreconcilable testimony; when decree on facts not disturbed; error must affirmatively appear.*—Where the testimony of the witnesses on the several sides of a cause stand so diametrically opposed as to be incapable of reconciliation, the finding of the chancellor on the facts will not be reversed unless the appellate court is satisfied that he erred. Error will not be presumed; it must be affirmatively shown by the record.

2. *Facts presenting prima facie case against vendor's claim for the land or purchase money.*—Where a vendor of land, holding the evidence of indebtedness for the purchase money, has given to his vendee a bond for title, and executes a deed of conveyance to his vendee, surrenders the evidence of indebtedness, and asserts no claim to the money or the land for seven or eight years thereafter, these combined facts present a strong *prima facie* case against any claim set up by the vendor to either the purchase money or the land, which he must overcome before he can claim relief in a court of chancery.

3. *Variance; what immaterial.*—A mistake in the statement of a date, where no date need be given, is, at most, a harmless variance.

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. B. B. McCRAW.

[Bryan v. Hendrix.]

The bill was filed by the appellee, B. N. Hendrix, to enjoin an ejectment suit of the appellant, W. H. P. Bryan, and to reform a deed of conveyance executed by appellant to one E. T. Sherman—the land for which said deed was given being afterwards conveyed by Sherman to the appellee. The appellant answered the bill, admitting that the deed contained wrong numbers of land, which numbers were inserted through mistake, and were different from those intended to describe the land conveyed; but, at the same time, the appellant seeks to avoid a reformation of the deed, on the grounds—*first*, that the purchase money, which was Confederate money, was not actually paid, but was received by him only conditionally, that is, if he could use it, otherwise he was to return it; *second*, because the money was, as he alleges, forced upon him by duress, threats of public opinion, and fear of vigilance committes; and, *third*, because he took the money and executed the conveyance upon the express promise and agreement of Hendrix, that the latter would redeem the Confederate money in gold. Bryan makes his answer a cross-bill, and seeks to enforce a vendor's lien, by the sale of the land to pay the original purchase money, as evidenced by the notes which he had surrendered to Sherman upon the payment of the Confederate money and the execution of the conveyance. The premises were occupied and held by Hendrix for more than eight years before Bryan brought his ejectment suit which is now sought to be enjoined. The appellant and several other witnesses testify affirmatively as to threats, duress, &c., being used upon appellant to make him execute the deed in question, while,. on the other hand, this is denied by the testimony of the appellee and others—in fact, the evidence on this part of the case is very conflicting.

The cause being submitted for final hearing on the bill, answers, and cross-bill of Bryan, and answers of the other parties to the cross-bill, and on the proofs, the chancellor decreed the complainant, Hendrix, entitled to the relief prayed, and that the deed of conveyance be so reformed that it shall convey to said Sherman, and parties claiming under him, the lands intended to be conveyed, and that Bryan be divested of said lands, and the same be vested in said Sherman and Hendrix, and that the cross-bill be dismissed and the injunction against Bryan be made perpetual. The defendant, on appeal, now assigns this decree as error.

[Bryan v. Hendrix.]

OATES & McKLEROY, and JOHN A. FOSTER, for appellant.

SEALS & THOMAS, and WOOD & ROQUEMORE, *contra.*

No briefs came to Reporter.

STONE, J.—The bill in the present record alleges that in the deed of appellant to Sherman, dated March 2, 1864, a mistake was made in the description of the land conveyed; and the main object of the original bill was to reform the deed. The mistake is fully and satisfactorily proved, and we think this case must be treated, in the further consideration of it, as if the deed had been originally framed and executed, so as to convey the lands by their right numbers. 1 Brick. Dig. 685, § 664. In fact, we understand it to be conceded that the mistake charged in the bill was made in the draught of the deed.

1. The reformation in this cause is resisted on the alleged ground that Bryan was paid for the land in Confederate money, which he received unwillingly; and that he was induced to take it, partly by threats made, and partly by promise that such Confederate money should be, by the payer, redeemed in gold. This presents the disputed question of fact, on which the decision of this case must depend. On this question of fact, the testimony of the witnesses on the several sides stands so diametrically opposed, as to be incapable of reconciliation. The numbers are about equal, and in weighing the evidence, we find nothing to authorize us to accord greater credibility or weight to appellant's testimony than to that given on the other side. To justify a reversal of the chancellor's finding on facts, our minds must be satisfied that he erred. This is but another application of a cardinal principle in this court, that error will not be presumed, but must be affirmatively shown by the record.—See *Rather v. Danley*, at the present term, for a correct statement of the rule by which we propose to be governed; see, also, 1 Brick. Dig. 781, §§ 118, 119, 120.

2. We think, however, that the case of appellee is much stronger than that shown by the principle above stated. Appellant, holding the evidence of Sherman's indebtedness for the purchase money, while Sherman held only his bond or obligation to make title when the purchase money should be paid, executed a deed of conveyance, surrendered the evidence of debt, and, so far as we are informed, asserted no claim to the money or the land for seven or eight years. We

[Clark v. Hart.]

think these combined facts presented a very strong *prima facie* case, which the appellant was required to overcome,. before he could claim relief in the court below.

3.   We do not think the alleged variance between the allegations and proof is fatal to the relief prayed by the bill. The deed, executed in 1864, is made an exhibit to the bill, and no disputed or disputable averment in the pleadings . made it necessary to inquire whether the contract was made in 1860, or in 1864.   No legal result was at all influenced by the date of the original purchase.   No question of contestation was dependent thereon, or in the least affected thereby.   The error could not have misled the defendant,. did not change the character or measure of proof, or in the. slightest degree vary, modify, or enlarge the relief to which complainant would be entitled.   Under such circumstances, a mistake in the statement of a date, when no date need have been given, is, at most, a harmless variance.—*Hartwell v. Whitman*, 36 Ala. 712; *Gilchrist v. Gilmer*, 9 Ala. 985;. *Eldridge v. Turner*, 11 Ala. 1050; *Chapman v. Hamilton*, 19 Ala. 121; *McLane v. Riddle, ib.* 180 ; *Montgomery v... Girhan*, 24 Ala. 568 ; *Lanier v. Hill*, 25 Ala. 554 ; *David v. David*, 27 Ala. 222 ; *Morrow v. Tumey*, 35 Ala. 131.

We find no error in the record, and the decree of the. chancellor is affirmed.