M'MAHAN *vs.* KYLE et al.

1. A notice against a constable and his sureties, for a failure to return an execution, or to pay over moneys collected, may be issued by, and returned to the successor of the magistrate who issued the execution ; and the notice, reciting that the justice who issued the execution, was not in office, on demurrer, the court would intend that the justice issuing the notice, was his successor.

2. The joinder of two distinct grounds, in the notice, was not an available objection on demurrer.

Error to the Circuit court of Pike county.

Proceedings against a constable.

This was a proceeding commenced before a justice of the Peace of Pike.    A notice, signed by the plaintiff in error, and addressed to the defendants, informed them that a motion would be made before a justice of the peace of that county, against them, as a constable and his sureties, for failing to return an execution, theretofore placed in the constable's hands, to be executed and returned ; or if that motion should be denied, then to recover of the constable, money received by him thereon.

The notice having been duly served, the justice of the peace, before whom it was returnable, rendered a judgment thereon, for the amount of the execution, which there was a failure to return.    From that judgment, the defendants appealed to the Circuit court, and there demurred to the proceedings before the justice.    The demurrer being sustained, and judgment final rendered against the plaintiff, he has sued out his writ of error to this court.

*Porter*, for plaintiff in error.

COLLIER, C. J.—We are at loss to discover the cause for which the demurrer was sustained by the Circuit court. True, the notice was not returnable before the justice who issued the execution, yet it recites that he was not in office at that time : so that if it were material to the plaintiff's case, we would intend the justice who rendered judgment on the notice, was the successor to him, who issued the execution ; and by this intendment, the defendants could not be prejudiced, for if it were unfounded, and the truth of the fact would avail them as a defence, it might be shown by proof.

It surely cannot have been supposed, that the joinder of two distinct grounds in the notice, was not allowable: if this was not permissible by law, it afforded no cause for sustaining the demurrer. The Circuit court could have put the plaintiff to his election, or, if the notice was otherwise defective, as a statement of the cause of complaint, could have caused the pleadings to be made up under our statutes ; so that the record should present, fully and fairly, the case to be tried—(Aik. Dig. 175, sec. 80 ; 300, sec. 7; 260, sec. 10 ; 261, sec. 12.)

We are unable to find any ground on which to rest the judgment of the Circuit court—It is consequently reversed, and the case remanded. '