## YOUNG v. CLARK.

1. When there are five sureties to a note, three only of whom are solvent, and the holder sues one who is solvent jointly with one who is insolvent, the solvent surety, by the act of 1839, p. 73, can sustain a motion for judgment against his solvent co-sureties, and may recover against each of them one-third of the sum for which judgment is rendered against him and his co-defendant.

2. The act of 1839 applies as well to contracts then in existence, as to those made in future; but with respect to the former, no execution can be sued out until the surety who obtains the judgment against his co-sureties, has paid the whole or a part of the secured debt. *quere*—Whether the same construction of the statute is not applicable to cases of future contracts.

3. Under this act, the motion may be made either at the term when judgment is rendered in favor of the holder of the security, or at any subsequent term.

4. When the holder of the security sues two sureties jointly, one of them may have the statutory motion against a surety not sued.

Writ of error to the Circuit Court of Tallapoosa County.

MOTION by one surety, for a judgment against another, under the act of 1839.

The facts of this case, as declared by a bill of exceptions, are these:

A joint and several note was made by one Wilson and five others, for 322 dollars, payable the first Monday of April, 1837. The payee sued Benjamin and Bird H. Young, and obtained a judgment in the Circuit Court of Tallapoosa county for 400 dollars, besides costs. All the makers of the note were insolvent, except Benjamin Young, John Clark and Joseph Fitzpatrick. The plaintiff insisted that he was entitled to a judgment against the defendant for *one-third* of the sum for which the payee of the note had recovered judgement against him and Bird H. Young, but the Circuit Court refused to render judgment for more than *one-fifth*. The plaintiff excepted to this decision, and assigns that the Circuit Court erred in not rendering judgment for one-third of the sum recovered by the payee of the note.

HEYDENFELDT for the plaintiff in error, cited and relied on the act of 1839, p. 73.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. The relation of principal and sureties between Wilson and the other makers of the note, is not shown by the facts stated in the bill of exceptions; but as the Circuit Court seems to have predicated its judgment on the assumption, that this relation existed, we shall consider the case in the same aspect.

It is clear, on principle, as well as by the authority of adjudged cases, that a co-surety, in equity, is bound to contribute more than an aliquot portion of the debt, regard being had to the number of sureties, wherever one or more of the sureties happens to be insolvent. The engagement of each surety, is for the whole debt, and as each *may* be made liable for the whole, it is for this reason that a Court of equity insists, when one surety has paid, that he may recover from such of his co-surties as are solvent, that proportion of the sum paid as will establish a perfect equality between the solvent sureties, and distribute the burthen between them, independent of any contract to that effect. [Dearing v. Winchelsea, 2 B. & B. 270.] The common law Courts in England, however, do not carry this equitable rule into effect; for there, in a suit at law, it has been held that a surety can recover from his co-surety, only that sum which is produced by a division of the debt actually paid by the number of sureties, no regard being had to their solvency. [Cowell v. Edwards, 2 B. & P. 268.]

The Circuit Court, in this case, was probably influenced in its decision, by the rule prevailing in the English Courts of common law; but this proceeding by motion is given by statute; and if its terms cannot govern or be applied to the facts in evidence, the plaintiff, instead of a judgment for a fifth of the sum recovered from him, should have taken nothing by his motion.

The statute directs " when any suit may be pending against any person, who may be a surety to any bill, note, bond, covenent, or other instrument of writing whatever, if there be a co-surety or sureties not sued, it shall be lawful for such person thus sued, to notify in writing his co-surety or sureties, or either or any of them, of the pending of the suit, and it shall be the duty of the Court before which the suit is to be tried, on proof

being made at the trial, that notice in writing has been given to said co-surety or sureties, and that the said parties are sureties, to enter up judgment in favor of the surety sued, against such co-surety or sureties, each thus notified as aforesaid, for the proportion of said debt or demand with costs, which such co-surety or sureties should pay; that is to say, in case there is but one co-surety, then judgment shall be rendered, in favor of the surety sued, for one half of said debt or demand and costs; if there are two co-sureties of the person sued, then for one third ; and at that rate according to the number of co-sureties, *provided, however,* that if any of said co-sureties are insolvent, the surety thus sued as aforesaid may, on motion to be made as above, recover a judgment against said co-surety or sureties thus to be notified, the proportion which such co-surety or sureties should pay if such insolvent co-surety or sureties were not bound for said debt or demand." [Act of 1839, pamphlet p. 73.]

It will be perceived that this case is within the precise terms of the proviso, so far as respects the amount of the recovery, unless the fact, that the note was made and became due previous to the time of the enactment, prevents the statute from operating on it. It is then, necessary to enquire whether the statute imposes any additional liabilities on the sureties, as between themselves; for, if such is the case, it is clear it must be held inoperative with respect to these parties, and no judgment whatever, can be rendered for the plaintiff.

If the proper construction of this statute has the effect to make co-sureties responsible to each other, before a payment has been made by some one of them on account of their principal, then it can have no effect on the sureties to contracts made anterior to the time of its passage, because, as will presently be shown, no such liability existed under the contract as made ; but, if its only effect is to give a summary remedy by one surety against another in place of, or in addition to, that which might previously have been pursued in a Court of equity, then there is no sufficient objection to the application of this statute, to past as well as to furure transactions, provided the execution of the statutory judgment is not permitted, until the right of the surety to call on his co-surety for contribution, has attach-

ed, in consequence of his having made a payment on account of the secured debt to the holder of the security.

We have already shown to what extent co-sureties are liable to each other; but there is no original liability arising out of the contract made with the holder of the security—to him they become liable absolutely on the default of their principal ; but to each other, only in the event of a payment of the whole, or of a portion of the debt secured. The statute gives the remedy to any surety, who is sued by the holder of the security, to move for a judgment against his co-sureties, if he gives them notice in writing of the pendency of the suit against him; but it is silent with respect to the time when this judgment may be enforced by execution. If it can be enforced when any payment has been made by the surety, the statute then creates a liability, which is distinct from the contract of the parties, and which is entirely independent of it. The judgment obtained by one surety against another may be satisfied, and yet the surety will not thereby be discharged from his liability to the holder of the security. There is nothing in the statute which requires the surety, who obtains a judgment under it, to pay the holder of the security, before he can be permitted to take out execution; but if this course can be pursued, the surety would then receive money, to which he had no claim whatever in equity and good conscience.

The facts of this case do not call for any construction of the statute, with respect to contracts of suretyship made after its enactment; but we may remark, that it seems obvious, that any construction which might lead to the consequences, which we have adverted to, ought to be avoided, even, as to prospective engagements, unless such an intention is too clear to admit of doubt; but as to such contracts as were made before the passage of the statute, it does not admit of question, that no judgment obtained by one surety against another under it, can be enforced by execution, until the plaintiff has paid the whole, or a portion of the debt secured.

It is questionable whether it was contemplated by this statute to effect any change in the rights or duties of sureties, either as between themselves, or between them and the holder of the security; but it is evident, that a summary remedy was intend-

ed to be given, by which any surety in danger of being compelled to pay the sum secured, might call on his co-sureties, even before the payment, to litigate all the questions which could arise between them, with reference to the common burthen, in order that, so soon as the one who is sued by the holder of the security shall be compelled to pay, that he may at once and without delay, have execution against his co-sureties for the proper sum. Such a construction alone can make this statute applicable to past transactions; and if it shall hereafter be found to apply also, to those contracts which have been made since its enactment, it will be relieved from its apparent harshness, and enable Courts of law to give it the fullest effect as a remedial act applicable to all cases of suretyship.

We consider therefore that, under this statute, a surety who is sued by the holder of the security, is entitled to the benefits of the remedy given by it, on complying with its requisites; but that he can have no execution of the judgment thus obtained, until he has paid the holder of the security, the judgment which he has obtained against the surety.

3. In the view which we have taken, it becomes entirely immaterial whether the surety makes the motion for judgment against his co-sureties, at the same term to which he is sued, or at a subsequent one, if the prerequisites of the statute have been pursued; because he is as much entitled to, and more in need of relief, when he has actually paid the secured debt, than when only in danger of being compelled to do so.

4. So likewise, it is immaterial whether he is sued jointly with another, or is the sole defendant. When he is actually in danger by suit of being compelled to pay, he is entitled, under the statute, to place himself in a condition to enforce contribution as soon as he shall pay; and no inconvenience can result to the co-surety, if an execution cannot be sued out on the judgment obtained by the surety, until payment has been made by him to the holder of the security.

The Circuit Court erred in refusing to render judgment according to the request of the plaintiff in the motion, therefore, the judgment must be reversed and the cause remanded.