## MAY, EX'R, v. LONG.

I. When an issue is made, upon the notice issued in a summary proceeding, by one surety against the executor of his co-surety, and a verdict is found by the jury, this is a sufficient action by the defendant and the court, to make the notice a part of the record, and if its allegations are sufficient to sustain the summary jurisdiction, it is unnecessary for the same averments to be repeated in the judgment entry.

WRIT of error to the Circuit Court of Sumter county.

The record discloses, that this suit was instituted in the county court of Sumter county, and thence was transferred to the circuit court, because the judge of the county court was of counsel for one of the parties.

The judgment recites the coming of the parties by their attorneys, the empanneling of the jury to try the issue joined, and their verdict for the plaintiff, assessing, also, his damages; for which judgment was rendered, to be levied *de bonis testatoris.*

In the transcript is found a notice to Patrick May, executor of the last will and testament of Mumford Lawson, deceased. This recites, that judgment had been previously obtained in the county court of Sumter county, by Patrick May, administrator of Warham Easley, deceased, against John Armstrong and William Long, the latter being security for the former. That execution issued on the judgment, and was satisfied by Long. That Armstrong, who was the principal obligor upon the note for which the judgment was obtained, had become, and was then, insolvent. That Mumford Lawson (since deceased) signed the said note as a co-surety with Long, and was jointly and severally bound for its amount in his life time with Long, though not sued. That May was duly qualified as the executor of Lawson. It then proceeds to notify May, that Long, on a certain day of the next term of the county court, would move the court for judgment against him, as executor of Lawson, for his respective share and proportion of the said judgment.

In the circuit court, the following motion was entered on the rule docket:

" William Long v. Patrick May, Ex'r.—Motion for judgment against the defendant as the executor of the last will and testament of Mumford Lawson, deceased, for a rateable proportion of a debt paid by the plaintiff in this motion to the administrator of Warham Easley, and more particularly set forth in the motion on file."

May prosecutes the writ of error, and here assigns:

1. That the judgment entry does not disclose that the motion was made in the court in which the original judgment was rendered.

2. The judgment entry does not disclose that the original judgment was founded upon an instrument on which this motion could be made.

3. That the judgment entry does not disclose that the principal debtor had become insolvent.

Inge, for the plaintiff in error cited Clay's Digest, 531, § 4; Levert v. Planters' & Merchants' Bank, 8 Porter, 107; Bates v. Planters' & Merchants' Bank, 8 Porter, 99; Curry v. Bank of Mobile, 8 Porter, 373; Brown v. Wheeler, 3 Ala. Rep. N. S. 287.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—The practice in these summary proceedings has been, to consider the notice as in the nature of a statement of the cause of action, whenever its merits were questioned on demurrer ; and to permit it to be pleaded to, whenever the defendant demanded an issue to be tried by a jury.   This practice is distinctly recognized in McMahon v. Kyle, [9 Porter, 507,] Bondurant v. Woods, [1 Ala. Rep. N. S. 543,] Hallett v. Lea, [3 ib. 28,] and, doubtless, has prevailed from a very early period, growing out of the necessity for an allegation by the plaintiff before any issue could be formed.   By the act of demurring or pleading to the notice, it is made a part of the record, and must necessarily be looked into to ascertain whether the action of the court on it has been correct or otherwise.   When the notice has thus assumed the character of the plaintiff's allegation, and is denied by the defendant, or, indeed, admitted by a special plea, it must be considered as concluding the defendant, to the same extent as a declaration in an ordinary suit at common law.   There are, however, a class of these motions, in which the jurisdiction of the court is necessary to be sustained by an act which does not enter into the liability of the defendant, and which is not necessary to be stated in the notice.   We speak here of bank motions, when the certificate of the president is a necessary part of the record ; and it is to this class that the remarks in Curry v. Bank of Mobile, [8 Porter, 360,] are peculiarly applicable.

The notice in the present case contains a precise allegation of every fact and circumstance necessary to invest the court with the jurisdiction of the motion under the statute.   [Clay's Digest, 531, § 3 & 4 ; 533, § 12.]   Indeed it is not pretended the allegation is defective ; but it is insisted, that the averments contained in the notice ought to have been carried into the judgment entry, and there affirmed, as appearing to the court.   The course insisted on as proper, under the circumstances of this record, would encumber it with two allegations precisely the same in effect, and would then have been verified, not only by the jury finding the issue for the plaintiff, but also by the court, in declaring the same facts were shown to it.

Here, then, is a verdict upon an issue, and no issue could have been found for the plaintiff on his allegations, which does not have the effect to conclude all the issuable facts alleged.   Notwithstanding this, if the facts, as alleged, did not make out the juris-

diction of the court, it was competent for the defendant to show the defect, and have the advantage of it here. There may be expressions, and in some of our opinions upon cases of this description, which may have led the bar to an impression, that the jurisdiction of the court was necessary to be sustained by the judgment entry, when the intention was to speak of the record only. In the case of a judgment by default, it is the proper course to show the jurisdiction in that entry. [Smith v. Branch Bank at Mobile, January Term, 1843.] Where there is a verdict, the jurisdiction must be concluded from the record; but when the facts stated in the notice, or suggestion of the plaintiff, are affirmed by the verdict, that will be sufficient in itself to sustain the jurisdiction; unless, as in bank motions, some other matter is essential to sustain the jurisdiction, such as the certificate of the president, or extrinsic and not issuable matter.

We may remark, that no question is here made, whether the personal representative of a co-surety is liable to be pursued by this summary remedy; nor is that point raised on the assignment of error. Therefore, we have not considered it.

From this view, it is apparent, there is nothing to reverse the judgment; and it is, therefore, affirmed.