## MARTIN, ADM'R. v. BALDWIN.

1. Where an insolvent estate was in process of being audited, at the time of the passage of the act of 1843, for the settlement of estates in the Orphans' Court, the law previously existing will govern and control it; but where the initiatory steps only have been taken, the proceeding so far as it has progressed, will be governed by the former law, but so far as subsequent action is had, it must conform to the act of 1843.

2. The provision in the act of 1843, authorizing a writ of error, by, or against a single creditor, applies only before the final settlement of the estate; after final settlement, a writ of error must be prosecuted in the name of, or against all, the creditors.

3. Six persons drew a bill of exchange, upon which the money was received by them, and at the same time executed an instrument, in which they recited, that the bill was drawn for the mutual benefit of all the parties to it, and agreeing, that each would bear an equal proportion in its payment, each paying his separate portion;—one having been compelled to pay all, and three of the parties being insolvent: *Held*, that each was surety for the others, for all above his own interest in the bill, and co-sureties, for all above the sum they were individually liable for; that therefore in this proceeding the one, who had paid the entire debt, could recover of one of the solvent parties, one sixth part, being the part for which he was individually responsible, and one-third part of the portion of the three insolvent parties, making in all, one-third part of the entire amount.

Error to the County Court of Montgomery.

This was a proceeding upon the settlement of the estate of Joseph Fitzpatrick, which had been declared insolvent on the 23d November, 1842, to ascertain the validity of a claim presented against the estate, by W. O. Baldwin. The administrator moved to dismiss the claim, because it was not verified by affidavit, which the Court overruled, because the claim had been filed pursuant to an order of the Orphans' Court, made on the 23d November, 1842, requiring creditors of the estate to file their claims by the first Monday in September, 1843, and that this was filed in office on the 1st June, 1843.

The claim presented, was in the following words : "We, the undersigned, having this day made a bill of exchange,

dated even date hereof, drawn by Edward Hanrick, and accepted by William O. Baldwin, and indorsed by Peter C. Harris, Joseph Fitzpatrick, J. W. T. Reid, A. Fitzpatrick, and M. A. Baldwin, payable at the Union Bank of New Orleans. Now, in consideration, that the said bill was drawn and executed for the mutual benefit of each one of the parties whose names are thereto attached, it is understood and agreed between us, and we do further bind ourselves by these presents, that we will bear our equal proportion in payment of said bill, and that each one of us will pay his separate equal portion of said bill. Given under our hands and seals, this 29th October, 1839;" which was signed and sealed by all the parties. The claimant proved, that W. O. Baldwin, the acceptor, had paid and discharged the full amount of the bill of exchange, and that Hanrick, Harris, and Reid, three of the parties to the bill, were insolvent.

The administrator pleaded payment, and the cause being submitted to a jury, he insisted, that his intestate was liable only for one sixth part of the amount; but the Court charged, that the claimant was entitled to recover one third part of the amount, to which the administrator excepted. Judgment was rendered for $659, to be entitled to a pro rata dividend, when the estate shall be audited.

Afterwards, the Court directed the administrator to pay $48 76, the *pro rata* dividend, on said claim.

The errors assigned are, the refusal to dismiss the claim, and the charge of the Court.

A. MARTIN, for the plaintiff in error.

HAYNE, contra.

ORMOND, J.—The objection to this claim, because it was not filed pursuant to the act of 1843, (Clay's Dig. 194,) and and verified by affidavit, cannot prevail. The estate was declared insolvent, and the order for filing claims against the estate, made previous to the passage of the act just cited, it must therefore be governed by the law then in existence, which did not require such verification.

From the instrument offered in evidence, it appears, that the bill of exceptions therein recited, was drawn for the joint ben-

efit of all the parties to it, and that each one, was interested in it, and entitled to an equal share of the proceeds.   As each one of the parties to it was individually. responsible for the whole amount, it results necessarily, that each was surety for the others, for all above his own interest in the bill; they were therefore, co-sureties for all above the sum,.they were individually liable for.   The acceptor having been compelled to pay the entire amount of the bill, has the right to recover in this action, the share of the plaintiff's intestate, which is one sixth part, and as it appears that three of the parties are insolvent, the estate is also liable for one third part of the amount for which, if solvent, they would be responsible, making in all, one third part of the entire amount, as the Court charged.

It appears, that this estate was reported insolvent previous to the passage of the act of February, 1843, to amend the laws in relation to insolvent estates, but the proceeding upon this claim, was had under the authority of that act, in virtue of which, also, this writ is prosecuted.   As the law stood previous to the passage of the act of 1843, no writ of error could be prosecuted until after the final determination of the cause, and then by, or against, all the parties to the suit.   [Cawthorne v. Weissinger, 6 Ala. 714.]   By that act, (Clay's Dig. 195,) a writ of error may be prosecuted by a single creditor, whose claim has been in whole, or in part, rejected; or by the administrator, if improperly admitted, within twelve months after the decision.   But we are very clear, that a writ of error cannot be prosecuted, by, or against, a single creditor *after the estate has been finally settled;* but that it must then be presented in the name of, or against all the creditors.   In no other way, could the unity of the case be preserved, which might otherwise be split up into a hundred fragments.   In this case, it does not conclusively appear, that the estate is finally settled, though there are some facts stated, from which such an inference might be drawn.

In the previous part of this opinion, it is stated, that the claim did not require to be verified, as it was filed under an order made previous to the passage of the act of 1843, although all the subsequent proceedings appear to have been had pursuant to the last act.   The two acts must be reconciled, so as not to conflict with each other; where claims have been

in process of being audited, at the time of the passage of the last act, it is obvious the former law must apply; but when, as in this case, the initiatory steps, only have been taken, the proceeding, so far as it has progressed, must be governed by the former law, but so far as any subsequent action is had, it must conform to the act of 1843.

The result of this examination is, that there is no error in the judgment of the Orphans' Court, and it is therefore affirmed.