## PINKSTON v. TALIAFERRO.

1. After the depositions are published, and the cause ready for a hearing, it is in the discretion of the Chancellor to permit an amendment.

2. A surety who discharges the debt of an insolvent principal, by a payment in money, and in his own note, which is received by the creditor as pay-

ment, and the evidence of the original debt given up, may sue a co-surety for contribution.

3. A surety who has paid the debt of a dead, and insolvent principal, and laid in his claim before the Orphans' Court, at the same time that he is suing a co-surety for contribution, will be held a trustee for such co-surety for one half the amount recovered in the Orphans' Court; but cannot be restrained from proceeding in Chancery, until the final settlement and order of distribution, although he is the administrator of the principal debtor.

Error to the Chancery Court at Montgomery.

THE bill was filed by the defendant in error, to obtain contribution from the plaintiff in error as co-surety. The allegations of the bill are, that the complainant, together with Cummings & Spyker, and Martin M. Armstrong, were sureties for one Thornton Taliaferro, in a note to the Branch Bank at Montgomery, for $4,406 79, due July 1, 1842. That before the maturity of the note, Thornton Taliaferro departed this life—that letters of administration have been granted to complainant, on his estate, which has since been declared insolvent, by the Orphans' Court. That complainant has paid the entire amount of said note to the Bank, by a cash payment of $1250, and the residue in a note with new sureties, which was accepted by the Bank, in payment and discharge of the old note, on the 3d November, 1843, amounting then to $4,498 19. That the other sureties, on the note are wholly insolvent.

The prayer of the bill is, that the defendant be required to contribute one half the amount so paid.

Pinkston, by his answer, admits the material allegations of the bill, except the insolvency of the estate of Thornton Taliaferro, and alledges that the complainant is the administrator, and has reported the estate insolvent, but denies that it is so, if just claims only are allowed. Insists that complainant has assets in his hands unappropriated, which he can apply to reimburse himself.

Testimony was taken, and at the December term, 1844, the cause was called for a hearing. The defendant then

Pinkston v. Taliaferro.

moved to amend his answer, so as to state that since the last term, (which was after the answer was filed,) complainant had obtained a judgment for the debt mentioned in the bill, and that he had assetts in hand, sufficient to pay fifteen cents in the dollar of the claims against the estate.

The Chancellor refused to permit the amendment to be made, and rendered a decree requiring the defendant to contribute one half the amount paid to the Bank.

ELMORE & BELSER, for the plaintiff in error, argued, that the amendment should have been allowed, as it did not appear from the record, that publication had passed, except from the statement of the Chancellor, which they contended was no proof of the fact.

.They further argued, that a surety suing for contribution in Chancery, cannot recover, although the principal may be insolvent, if he has in his own hands the means of reimbursing himself. That such is the fact here, as shown by the proof, at least as to part of the sum paid—he being the administrator, and as Such having possession of the effects of the estate.

They also contended, that if he could recover at all, it could only be to the extent of the money paid by him as surety. That a payment in his own note, would not authorize a suit for contribution against a co-surety.

J. P. SAFFOLD, contra. A party has no right to amend after the cause is at issue, as was clearly the case here. [5 Ala. Rep. 550.] The matter of the amendment was wholly immaterial. It is no obstacle to his recovery that he has obtained a judgment also against the estate of his principal, he can have but one satisfaction. He is not obliged to retain, but may elect whether he will retain or not. [Went. on Ex. 77 ; Ram. on Assets, 265 ; 1 Lomax, 417 ; Plowden, 184 ; Cro. Car. 37 ; Vin. Ab. 400 ; 9 Dana, 190 ; 4 Eq. Dig, 190.]

The objection is not sufficient, because it is not shown what the value of the assets is, the estate not being settled. [1 Lomax, 418 ; 11 Viner, 444.]

A payment of the debt by a negotiable note, is sufficient to

authorize a 'suit for contribution. The debt being extinguished, is in law a payment. [11 Johns. Rep. 518 ; 8 Ib. 206 ; 6 Cow. 470 ; 5 Wend. 85 ; 19 Id. 423 ; 2 Esp. R. 571.]

ORMOND, J—The depositions in the cause being published, and it being ready for a hearing, the defendant had not the right, as a matter of course, to amend his answer, and the refusal of the Chancellor to permit the amendment, to be made, cannot therefore be reviewed in this court.

We need not enter upon the inquiry, whether the administrator could be compelled to retain in his hands that portion of the assets which may be allotted to him on the final settlement of the estate of his intestate, as it cannot be known until the final settlement and order of distribution, what that sum will be. It is very clear, however, that the complainant must be taken to have acted on behalf of his co-surety, as well as himself, in asserting his claim before the Orphans' Court, for the money he has paid for his principal, whilst he is at the same time prosecuting a suit against his co-surety for contribution. The result of his obtaining a decree against the co-surety, will be, to make him equally interested with himself in the judgment which may be obtained in the Orphans' Court, and being in his name, he will be a trustee for his co-surety for one half the amount.

The only debateable question in the case, is, whether the complainant has made such a payment of the debt of the principal, as will authorize him to proceed against his co-surety for contribution. In this case, it appears the complainant made a new contract with the Bank, the creditor, by paying a portion of the debt in money, and executing his note, with sureties provided by himself, for the residue ; upon the receipt of which the original debt was discharged, and the note given up to the complainant. This is such a payment as will authorize the surety to bring his action for contribution. [Robertson v. Maxcey, 6 Dana, 101 ; Weatherby v. Mann, 11 Johns. 518.] It cannot be doubted, that if he had compounded with the Bank, and discharged the original debt, with a less sum than the amount due, the agreement would inure to the benefit of the co-surety. This re-

sults from the fact, that the right to contribution does not arise from contract, but from equitable considerations, springing from the relation they bear to each other, and from the fact that they have a common interest, and a common burthen to bear. Any advantage, therefore, gained by one in the payment of the debt, must be for the benefit of all. Here no advantage has been gained. The original debt is discharged by one surety, who has secured its payment to the satisfaction of the creditor, and this as it regards the other surety, is precisely equivalent to a payment in money. Decree affirmed.