# BEZZELL, ADM'R, v. WHITE.

1. When one surety sues a co-surety for contribution, for money paid by the former, for the principal debtor, the latter may show, that the surety suing for contribution was indebted to the principal debtor, in a larger amount than he was compelled as surety to pay for the principal, and defeat the right to contribution.

Error from the Circuit Court of Greene.   Before the Hon. J. D. Phelan.

THE defendant in error declared in assumpsit against the plaintiff, as administrator of William Bezzell, deceased; a trial was had, and a verdict returned in favor of the plaintiff below, whereupon judgment was rendered.   On the trial a bill of exceptions was sealed by the presiding judge, which presents the following facts :   The plaintiff, Philip Beazley, Hartwell, Murphy, Gibson, and the defendant's intestate, were the securities of one Gully, as sheriff of Greene county, and that as such, the plaintiff, Beazley, Hartwell and Murphy, had paid $850 each, for the default of Gully, as sheriff. That Gully and Gibson, one of the securities, were insolvent; and this suit is brought against Bezzell, as the administrator of William Bezzell, to compel contribution from him, as a joint security.   The defendant offered to prove, that the plaintiff was indebted to Gully, for money advanced by said Gully for White, and at his request, to a larger amount than White had paid as the security of Gully, and that on a settlement between White and Gully, White would still be in debt to Gully.   The court rejected this testimony, on the ground, that if true, it would be no defence to this action.

GRAHAM and HALE, for the plaintiff in error, made the following points :

1. A surety compelled by action at law to pay the debt of his principal, who, at the time of the payment so made by

Bezzell Adm'r v. White.

him, was indebted to his principal in a sum greater than he was required to pay, cannot compel his co-sureties to contribute. Pitman on Principal and Surety, 40 L. Lib. M. P. 153; 2 Moll. 31; Fitzpatrick's adm'r v. Hill, 9 Ala. 786; Low v. Smart, 5 N. Hamp. R. 353.

2. The courts have gone no further than to say, that a surety is not required to sue his principal, or show his insolvency, before he can sustain an action for contribution. Roberts v. Adams, 6 Porter, 361; Cave, use of Wallace v. Burns, 6 Ala. 780; Cowell v. Cowell, 2 Bos. & Pul. 268.

DARGAN, J.—The law is well settled, that a surety paying the debt of the principal, can compel contribution in this form of action. This right to contribution, it is said, does not arise from contract, but springs from a principle of equity, that those who have a common burthen to bear, should contribute equally, and the whole burthen ought not to fall on one. See 2 Bos. & Pull. 270; 14 Ves. 35, 160; also, 9 Ala. Rep. 787.

If the right to contribution results from an equity, that each surety should bear his part of a common burthen, it surely ought to be rebutted by proof that no such equity exists in the particular case. In this case, if White were to sue Gully, the principal, for money paid, &c., and Gully could prove that White was indebted to him in a larger amount, for money advanced, White could not recover. What equity then, can there be in permitting White to recover of his co-security, for money paid, when he could not recover of his principal? And as this suit must be maintained upon a principle of equity, we think any proof that will clearly rebut this equity, or show that *ex equo et bona*, the plaintiff ought not to recover, is admissible.

The court erred in rejecting this proof, and the cause is reversed and remanded.