WILSON *v.* JOHNSON.

A count for the asportation of goods may be joined with a count for trespass, *quare clausum fregit.*

Applications to amend pleadings should always be allowed when the tendency is to advance justice; and especially when the amendment contemplated is to narrow down, and not to extend the allegations.

It being a matter of discretion with the court to allow or refuse an amendment, except in cases authorized by statute, it cannot ordinarily be made the ground of error.

ERROR, *to Linn District Court.*

*J. David,* for the plaintiff in error.

*Lowe* and *Carleton,* for the defendant.

*Opinion by* GREENE, J. Wilson commenced this suit against the defendants before a justice of the peace in an action of trespass. The plaintiff filed with the justice, under the *Rev. Stat.*, p. 315, a plain statement of his demand or cause of action. This he did in the form of a declaration in two counts; one for breaking plaintiff's close, and the other for carrying

away lumber. On the day set for trial, the defendants justified the trespass by a plea of title; and thereupon the justice entered the plea in his docket, ceased further proceedings in the case, and certified the same to the district court, as provided by *Rev. Stat.*, p. 319. The case came up in the district court on a motion to dismiss the suit on the ground of a misjoinder of causes of action in the plaintiff's statement or declaration; which motion was sustained by the court. To this decision of the court the plaintiff took exception, and assigned as error:

1. The court erred in dismissing the plaintiff's suit.

2. The court erred in refusing leave to plaintiff to amend the statement of his cause of action.

3. The court erred in rendering judgment against the plaintiff for costs.

The first question involved is in relation to the propriety of dismissing the suit on account of the alleged misjoinder of counts. In Chitty's Plead., 201, and 2 Saunders, 117, the doctrine is clearly settled, that in actions "in form *ex delicto*, several distinct trespasses may be joined in the same declaration." It is evident, that a count for the asportation of goods may be joined with a count in trespass *quare clausum fregit*. See 1 Chit. Pl., 410. In such an action it is usual, and recognized by the most approved precedents, to insert two counts; first, charging an injury to the land and articles thereon; and, secondly, alleging an asportation of goods. See precedents and accompanying remarks in 2 Chit. Pl., 159, 863, 868. If more than a simple statement of the plaintiff's cause of action, if even a formal declaration had been required in such proceedings before a justice of the peace, the motion to dismiss on the ground alleged should not have been sustained; for we regard it as conclusive, that there is no misjoinder of counts in the plaintiff's declaration.

It may be well to briefly notice the second error assigned. The bill of exceptions shows, that when the motion to dismiss was made, the plaintiff asked leave to amend his declaration, which was refused. As the amendment sought was one which

Wilson *v.* Johnson.

could not have changed the subject matter of the suit, and as it was designed to narrow down and not extend the complaint, we cannot see how it could have prejudiced the defendants. Without the amendment, the plaintiff might recover on his first count, for breaking the close, and on the second, for the asportation of lumber, whether taken from the close or elsewhere; but with the proposed amendment, the plaintiff would be confined to the proof of the asportation from the close designated. Without the amendment, the injury charged was both local and transitory; with it, local only. Had it been an amendment in substance, it still should have been allowed, though it might have entitled the defendants to a continuance of the cause. Applications to amend should always be allowed when the tendency is to advance justice; but as it is a matter usually confined to the sound discretion of the court, its determination to allow or refuse an amendment, unless authorized by statute, cannot ordinarily be assigned for error. (1)

The third error assigned must necessarily follow the fate of the first; that being deemed sufficient to reverse the proceeding below, the judgment rendered for costs cannot stand.

The judgment is reversed with costs, and the case remanded to the court below for trial.

Judgment reversed.

(1) *Stewart* v. *Bennett*, 1 Branch, 437; *Evans* v. *Rogers*, 1 Kelley, 463; *Gordon* v. *Downey*, 1 Gill, 41; *Ballance* v. *Curtenius*, 3 Gilman, 449; *Pinkston* v. *Taliaferro*, 9 Ala., 547.