Pait v. Pait.

PAIT vs. PAIT.

1. A notice which alleges that the plaintiff was bound as security for the defendant on a certain note which is particularly described, that judgment was rendered thereon against him, that execution had issued on said judgment and that the plaintiff had been compelled to pay a certain sum of money thereon, and specifies the court in which the judgment was rendered and the time of its rendition, is sufficient to authorize a summary judgment [Clay's Dig. 531, § 3,] against the principal, in the same court in which the former judgment was rendered, although the notice does not state in whose favor the judgment was rendered, nor the amount of it, nor the time of the payment by the security.

ERROR to the Circuit Court of Talladega. Tried before the Hon. Robert Dougherty.

46

Pait ;v. Pait.

Wcadward, for plaintiff in error...

Morgan, contra..

CHELTON,. J.—The. statute declares that "in all : cases where judgment shall be entered, up in any court of record, or by any justice of the peace, against any, person or persons as security or securities, their executors or administrators, upon any note, bill, bond, or obligation, and in all cases where execution shall be awarded by, or issued from any of the courts of record, or any justice of the peace, against any person or persons as security or securities, &c., upon any bond, &c., and the amount of such judgment or obligation, or any part thereof, hath been paid or discharged by such security or securities, his heirs, &c., it shall be lawful for such security, &c., to obtain judgment by motion. against such principal obligor or obligors, .&c., in any court, &c., where such judgment may have been entered 'up, and execution awarded against such security or securities, &c., for the full amount which may have been paid, with interest," ' &c.—Clay's Dig. 531, § 3.

The. notice in this case, which was treated as the motion, and : to which a demurrer was sustained by the Circuit Court, although exceedingly informal, yet when properly analyzed, will: he found to present a case which falls within the substantial requirements of the statute..

It shows the execution of a note, which is described with great particularity, the date, amount, when and to whom payable, and that the defendant was the principal, and the plaintiff his security ;. that judgment upon this note was rendered at a certain term of the County Court of Talladega county, and execution was issued thereupon, and the plaintiff's payment of three hundred dollars on said judgment, in consequence of which he moves for judgment against the principal, for the amount paid and interest.. Now, although it is not stated in whose favor the judgment was rendered, nor the amount of it, nor the time when the three hundred dollars was paid, yet we think the judgment being, in the same court, reference may be had to it to supply these formal defects, and the party can be allowed to prove the time of his payment, so as to fix the date from which interest would accrue. It would certainly have been more regular to have de-

scribed the judgment accurately, referring the court to it, and to have set out the time of the payment; and I confess I have had some difficulty in sustaining the motion, as I am indisposed to encourage such loose mode of pleading. But as the defects can hardly be said to be *substantial*, we think the demurrer should have been overruled.

Let the judgment be reversed and the cause remanded.