## MORRISON *vs.* TAYLOR.

1. To authorize the court to reject a declaration, on account of a variance between it and the endorsement on the writ, the variance must be total and amount to a radical departure.

2. A surety who is fully indemnified by his principal cannot recover contribution from his co-surety for money paid by him, but must indemnify himself out of the means placed in his hands.

3. Parol evidence is admissible to identify a demand secured by a deed of trust, in which it is described as consisting of one note, when in fact it consisted of two notes; and the deed itself is admissible notwithstanding the misdescription, to show that the debt was secured by it. ·

ERROR to the Circuit Court of Cherokee.

The record does not show the name of the presiding judge.

ASSUMPSIT by the defendant in error against John H. Morrison and Abraham Rowden, as to the latter of whom the suit was discontinued, process not having been served upon him. The suit was commenced in the County Court, and removed by writ of error to the Circuit Court.

The plaintiff sues to recover contribution, for money paid by him on two notes, for forty-five dollars each, payable to the administrators of Randolph Allsap, which had been reduced to judgment, and on which Morrison, Rowden and others were co-sureties with him. The declaration contains several counts; some of these deduce the defendant's liability to pay by reason of his being co-surety with the plaintiff, who has been obliged to pay the whole debt; others predicate his liability upon his promise to indemnify and refund to the plaintiff whatever sum he might pay by reason of his becoming bound on the note, and in consideration of his signing it;

and to these are added the common *indebitatus* counts. There was a demurrer to the whole declaration and to each count separately; but the record does not show what disposition was made of it.

A trial was had in the County Court, which resulted in a verdict and judgment for the plaintiff; but the defendant took a bill of exceptions to several rulings of the court, and carried the case to the Circuit Court by writ of error. There the judgment of the County Court was affirmed, and the case is now brought here by writ of error.

The other facts of the case, and the errors assigned, will be readily understood from the opinion.

WHITE & PARSONS, for plaintiff in error:

1. The court erred, in excluding the evidence offered by plaintiff in error. Duffie v. Pennington, 1 Ala. 506.

2. The court should have non-suited the plaintiff below, on the facts which were offered in support of the motion. Clay's Digest, 325 § 75; Carter v. Dade, 1 Stewart 18.

J. B. MARTIN, *contra:*

1. The declaration substantially conforms to the cause of action endorsed on the writ. Tenison v. Martin, 13 Ala. 21; Ainsworth v. Partillo, ib. 460.

2. This court will not revise the action of the court below, in refusing to non-suit the plaintiff on the ground that he had not recovered fifty dollars. 13 Ala. 460.

3. The deed of trust was properly rejected. It recites, that the grantor was desirous to secure the payment of a certain note, made payable to the estate of R. Allsap, deceased, for ninety dollars. The parol proof was, that the deed was made to indemnify Taylor, as the security of the grantor on two notes for forty-five dollars each, on which Taylor, Morrison, Rowden and Wm. Miller were securities. This evidence contradicts the deed, and adds materially to its terms. West & West v. Kelly's Executors, 19 Ala. 353 ; Phil. Ev., C. & H.'s Notes, 1467, 1468; 1 Ala. 456; ib. 160; 5 Porter 83; 2 Ala. 280.

CHILTON, C. J.—We will notice the assignments of error in their order:

1. The first is, that the court erred in refusing to strike out the third and fourth counts of the declaration, for a supposed variance. These were the common counts. It has been several times ruled by this court, that a variance between the cause of action endorsed on the writ and the declaration must be total, and amount to a radical departure, to authorize the court to reject the declaration. Tenison v. Martin, 13 Ala. 21, and cases there cited. There is no such departure in the counts before us, and the motion to strike out was properly disallowed. 13 Ala. 460.

2. As conducing to prove that the plaintiff was fully indemnified against his liability for Smith, who was the principal in the two forty-five dollar notes, on which said plaintiff became bound as security, the defendant offered to introduce in evidence a copy of a trust deed, the original having been shown to be lost, made by Smith, the principal in the note, to the plaintiff "to secure the payment of a certain note made payable to the estate of Randolph Allsap, deceased, for the sum of ninety dollars," &c. This deed the court decided was irrelevant, on the ground that there was a variance between the demand described in it and the two notes which had been paid by the plaintiff. The defendant then offered to connect the deed with proof, to show that the ninety dollar demand secured in the deed was the same shown by the two forty-five dollar notes; but the court rejected this explanatory proof.

The question, as applicable to the proof offered, was, whether the plaintiff below had been fully indemnified by the principal in the matter of his liability as security. If he was so indemnified, he had no right to invoke the equitable doctrine of contribution, for his claim to contribution being founded upon an equity to call upon another to share with him a common burthen, he must be entitled *ex æquo et bono* to recover, or he must fail.

Now, if the demand for which Taylor, the plaintiff below, was liable, was secured and fully provided for by this deed, it is very clear he could not recover contribution out of his co-sureties, but must indemnify himself out of the means placed in his hands. Bezzell v. White, 13 Ala. 422. Nor do we think it at all material that, in describing the indebtedness in the deed, which does not purport to give a particular de-

scription of it, it is set out as due upon one instead of two notes. The amount secured is the same, and it is described as due from Smith to the estate of Randolph Allsap, deceased. It was perfectly competent to identify the demand by parol proof. In Posey et al. v. The Branch Bank at Decatur, 12 Ala. 802, it was decided by this court, that parol evidence is admissible to show that a particular bill of exchange was intended to be secured by a deed of trust, although generally or improperly described in the deed. See, also, Duval's Heirs v. McLoskey, 1 Ala. 708. This authority is decisive of the case before us, and shows that the County Court committed an error in excluding the parol proof in connection with the deed.

Let the judgment of the Circuit Court, affirming the judgment of the County Court, be reversed, and the cause remanded.