## TAYLOR *vs.* MORRISON.

1. A surety, who receives from his principal a mortgage, or other security, is regarded as a trustee for his co-surety, and held to the exercise of the duties which attach to that relation ; and if he afterwards, without the consent of his co-surety, surrenders or abandons the security, merely because the mortgagor objects to giving up the property, he cannot obtain contribution from his co-surety.

2. An abstract charge, which asserts a correct legal proposition, is no ground for reversal, when the record shows that it could not have misled the jury.

APPEAL from the Circuit Court of Cherokee.
Tried before the Hon. ANDREW B. MOORE.

MATTHEW J. TURNLEY, for the appellant.
WHITE & PARSONS, *contra.*

GOLDTHWAITE, J.—This was a suit by a surety against his co-surety for contribution. The record shows, that the plaintiff received from the principal debtor full indemnity by mortgage. This mortgage he released, and received therefor a promissory note. The mortgage enuring to. the benefit of all the sureties, the one who received it· must be regarded as a trustee for the other, and is bound to the exercise of the duties which attach to that relation.—Theobald on Prin. & Sur. 95, 98; Baker v. Briggs, 8 Pick. 129; Haynes v. Wood, 4 John. Ch. 129. The security which the plaintiff received he had no right to abandon, or part with, without the consent of the other party who was interested in it, for no other reason, than that the mortgagor, or his personal representative, objected to giving up the property. The right of contribution results from natural equity (White v. Banks, 21 Ala. 705; Tyus v. DeJarnette, at the present term); and whenever the equity, upon which the right is based, is rebutted, it cannot be enforced. In the case made by the record, the surety who is claiming contribution is shown to have received full indemnity, which he has parted with without cause; and having done this, it would be against all equity to allow him to call upon the co-surety to bear the consequences of his neglect.

But, it is said, there was no evidence of fraud, and therefore the charge of the court, to the effect that the plaintiff was estopped from setting up the fraud to avoid the effect of the deed, was abstract. We see no evidence on the record that the deed was fraudulent; but an abstract charge, when it asserts a correct legal proposition, is no ground for reversal, unless it tended to mislead the jury (Hughes v. Parker, 1 Port. 139 ; Towns v. Riddle, 2 Ala. 694), which it could not do in this case.

Judgment affirmed.

RICE, J., having been of counsel, did not sit in this case.