## STALLWORTH vs. PRESLAR.

[ACTION FOR CONTRIBUTION BETWEEN SURETIES.]

1. *When action for contribution accrues.*—A surety, against whom a judgment is recovered, or whose liability is otherwise fixed and matured, may pay the debt immediately, without waiting for the issue of execution; and his right of action against his co-surety for contribution accrues at the time of such payment, without reference to the time when the original contract matured.

2. *When action for contribution lies.*—Conceding that one surety cannot maintain an action for contribution against his co-surety, until he has paid a greater sum than the latter remains liable to pay; yet, if he has discharged and satisfied the entire debt, though by the payment of less than one-half its amount, he may recover contribution from his co-surety.

3. *Admissibility of parol evidence to explain receipt.*—In an action for contribution between sureties, the plaintiff having taken a written assignment of the judgment paid by him, expressing therein the receipt of the money paid, parol evidence is admissible to show that the judgment, which was described as having been rendered by the *circuit* court, was in fact rendered by the *county* court.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. C. W. RAPIER.

THE complaint in this case was as follows:

"William M. Stallworth    The plaintiff claims of the
          vs.          defendant the sum of five hun-
   Holden Preslar.      dred dollars, being one-half
the sum of one thousand dollars, paid by said plaintiff in satisfaction of a certain judgment rendered in the county court of Monroe county, Alabama, at its January term, 1842, for the sum of three thousand four hundred and sixty-six 31-100 dollars, together with the costs, in favor of Halsey, Utter & Co., against Thomas R. Watts and said plaintiff; said judgment being founded on a promissory note for the sum of two thousand six hundred and forty-six 04-100 dollars, made at Sparta, Alabama, on the 11th July, 1837, negotiable and payable at the Branch Bank at Mobile, due on the 1st day of March next after the date thereof, signed by said Thomas R. Watts, said defendant and plaintiff, and in favor of Halsey, Utter & Co. And said plaintiff avers, that he, together with said defendant, signed said note as the sureties of said Watts; that suit was brought on said note by Halsey, Utter & Co., against said Watts, plaintiff and defendant; that said suit was discontinued as to said defendant, because the writ was not served on him; that the judgment hereinabove mentioned was rendered against said Watts, who then was, and continued thereafter to be insolvent, and died insolvent, without having paid said judgment, which was also rendered against plaintiff; which said judgment

Stallworth v. Preslar.

being unreversed and in full force, plaintiff has paid and satisfied the same by the payment of one thousand dollars, to-wit, on the 15th April, 1854. By means whereof, the defendant became liable to pay and reimburse to plaintiff the said sum of five hundred dollars, with interest thereon, being one-half of the said sum of one thousand dollars. The plaintiff claims of the defendant, also, the further sum of five hundred ₴dollars, for moneys paid, laid out and expended, by said plaintiff, for said defendant, at his request, to-wit, on the 15th April, 1854. Said sums of money, with the interest thereon, remain unpaid."

The defendant demurred to the first count of the complaint, on the following grounds : " 1st, because it shows on its face that the plaintiff's cause of action, if any such he ever had, is barred by the statute of limitations of six years; 2d, because it shows a state of facts, in the compromise or satisfaction of the judgment of Halsey, Utter & Co., (which is alleged to be for the sum of $3,466 31,) for the sum of one thousand dollars, which contradicts the idea that said last named sum was paid by plaintiff, in satisfaction thereof, by compulsion, and does not aver that it was paid by compulsion; 3d, because it does not aver that plaintiff paid, on the judgment of said Halsey, Utter & Co., more than his share or aliquot proportion thereof, calculated on all the parties to the judgment, or the note on which the judgment is alleged to have been obtained; 4th, because it shows that plaintiff did not pay on said judgment as much as his legal liability, or aliquot proportion thereof, calculated upon all the parties who were originally bound on the note alleged as the foundation of said judgment; 5th, because it does not allege that said Watts, the principal in the note sued on, is, or at any time was, insolvent, or unable to pay said judgment; 6th, because it does not allege that, at the time said one thousand dollars was paid, said Halsey, Utter & Co. then held a judgment against him, on which an execution could issue; and, 7th, because it does not show that said suit was dismissed, as to this defendant, because he was not found." The court sustained this demurrer; and the defendant then pleaded, to the second count in the com-

plaint, the statute of limitations of six years, and the general issue, "with leave to give in evidence all other special matters of defense under the plea of the general issue."

On the trial, as the bill of exceptions shows, the plaintiff proved the rendition of the judgment against said Watts and himself,—the suit having been discontinued as to the defendant, because he was not served with process; the execution of the note on which the judgment was founded,—himself and the defendant signing it as sureties for Watts; an assignment of the judgment by the plaintiffs to one A. J. Robertson, in which it was described as a judgment in the circuit court of Monroe; and an assignment by said Robertson to plaintiff, dated the 22d April, 1854, in which the judgment was similarly described, and which acknowledged the receipt of one thousand dollars paid by plaintiff, in full of Robertson's right, title and interest in the judgment. For the purpose of showing that the judgment was incorrectly described in the assignments, and that the only judgment obtained by Halsey, Utter & Co. against said Watts and plaintiff was rendered in the county court, as shown by the transcript which had been read in evidence, the plaintiff offered to read the depositions of the clerk of the circuit court of Monroe, the attorney of said Halsey, Utter & Co., and one of the members of said firm; each of whom testified to those facts. All this evidence was excluded by the court, on the ground that parol evidence was not admissible to contradict the written assignments; and the assignments also were then excluded from the jury, on the defendant's motion, on the same ground.

In consequence of these rulings of the court, to each of which an exception was reserved, the plaintiff was compelled to take a non-suit; which he now moves to set aside. The errors assigned are, the sustaining of the demurrer to the first count in the complaint, and the rulings of the court on the evidence.

Manning & Walker, for appellant.

Wm. Boyles, contra.

STONE, J.—When two or more persons jointly become sureties for another, on a note for the payment of money, each surety becomes liable to the other to pay his share of the liability, in the event the principal fails to do so. Pait v. Pait, 19 Ala. 713; White v. Banks, 21 Ala. 705; Taylor v. Morrison, 26 Ala. 728; Martin v. Baldwin, 7 Ala. 923.

In such case, if the principal fails to pay, and one of several sureties is forced by suit to pay the debt, there accrues to the surety so paying, *at the time of the payment*, a right of action against his co-surety for contribution. The surety sued need not wait until the money is forced out of him by execution. He may pay as soon as judgment is recovered against him, or his liability otherwise fixed and matured, and does not thereby forfeit his right to contribution from his co-sureties. Money thus paid is, to the extent of the liability of the co-surety to contribute, considered in law as paid at the special instance and request of the co-surety; and at that precise time, the cause of action to recover on such implied promise accrues, without reference to the time when the original contract matured.—Knox v. Abercrombie, 11 Ala. 997; Broughton v. Robinson, 11 Ala. 922; Roberts v. Adams, 6 Por. 361; Young v. Clark, 2 Ala. 264; May v. Long, 6 Ala. 107; Martin v. Baldwin, 7 Ala. 923; Jones v. Lightfoot, 10 Ala. 18; Hooks v. Br. B'k Mobile, 8 Ala. 580; Couch v. Terry, 12 Ala. 225; Pearson v. Gayle, 11 Ala. 278; 1 Parsons on Contracts, 32 to 37.

[2.] The fact that Mr. Stallworth, for the sum of $1000, discharged the debt for which he and Mr. Preslar were liable as sureties, can have no effect on the rights of the parties, farther than to reduce the amount of the latter's liability. In this class of cases, equality is equity; and the debt having been, as it is contended, discharged by the payment of $1000, Mr. Preslar is only liable to contribute his proportion of that sum, with interest from the time of payment.—Steele v. Mealing, 24 Ala. 286; Br. Bank of Mobile v. Robertson, 19 Ala. 798; Cullum v. Br. Bank of Mobile, 23 Ala. 797; Martin v. Baldwin, 7 Ala. 923; Pinkston v. Talliaferro, 9 Ala. 547; Bizzell v. White,

13 Ala. 422. It may, without affecting the result of this case, be conceded, that unless the plaintiff can show that he has paid a greater sum than the defendant remains liable to pay, he cannot maintain this action.—See *Ex parte* Gifford, 6 Vesey, 805. If, however, the entire liability is discharged—canceled—against both sureties, then the plaintiff has paid a greater sum than the defendant can ever be required to pay to the creditor; for he can never be required to pay anything to him. In such case, if he is not liable to his co-surety, he is liable to no one. The result of the rule contended for would be, to give him the benefit of the plaintiff's bargain, without imposing on him any of its burdens. Suppose the compromise, or accord and satisfaction, had proceeded on the terms of the payment by Stallworth of one-half the liability, and for that consideration the creditor had canceled the entire liability as against all the obligors. Is it not manifest that, under such a rule, Preslar would become the recipient of all the benefits of Stallworth's bargain? This could not be equity, because it is not equality. Under well defined rules, Stallworth, at the time he made the payment, had the clear right to pay the entire debt, and then to recover one moiety thereof from Preslar. To hold that, because he secured better terms than the law required he should demand, he thereby forfeited his right to contribution, would lead to the most shocking injustice.

Another view of this question: Suppose Mr. Stallworth had paid to Halsey, Utter & Co. their entire demand, and had subsequently received from Watts, his principal, indemnity for one-half the amount; or suppose an execution, issued upon the judgment, had been levied, as to half the amount, of the goods of Watts; and he, Watts, having no other effects, the remaining half had been paid by Stallworth. If, in the case first supposed, Stallworth had sued Preslar for contribution, the latter could claim an equal benefit in the indemnity furnished by Watts, their common principal.—Bizzell v. White, 13 Ala. 422; Pinkston v. Talliaferro, 9 Ala. 547. Being, under this rule, entitled to share in all the advantages. secured by

his co-surety's diligence, he must, to the extent of his share of the mutual liability, contribute to the burdens which that liability imposes.

These rules show clearly that the circuit court erred in sustaining defendant's demurrer to the first count of the complaint.

Under the rules above declared, the plaintiff's right to recover in this action, depends on the fact that he and the defendant were co-sureties of Mr. Watts, their common principal; and that after default by the principal, the plaintiff has paid more than his *pro-rata* share of the liability. This, we have seen, does not render it necessary that he shall have paid more than one-half of the original liability, provided the debt to the creditors has been extinguished as against all the obligors. Proof, then, of these facts, makes a *prima-facie* case for recovery. Any testimony which legitimately tends to establish either one of these facts, is legal and competent, and should not be rejected.

[3.] If, in the present suit, it were necessary that the plaintiff should base his right of recovery on the assignment of the debt or judgment to him, it may, perhaps, admit of question, whether he could, in an action at law, be allowed to prove, by parol, that there was a mistake in the written contract. We need not and do not now decide this question. His right, however, in this connection, was dependent, not on the *assignment* to, but on the *payment* of the judgment *by* him. The paper evidence, so far as it was a mere receipt for money, was open to explanation or contradiction by oral evidence.—1 Greenl. Ev. § 305.

In point of fact, the judgment in favor of Halsey, Utter & Co. v. Watts and Stallworth, though rendered by the county court of Monroe, was, at the time of its liquidation by Stallworth, pending in the circuit court of that county; the county courts having been before that time abolished, and their records transferred to the circuit courts.—See Glass v. Glass, 24 Ala. 468.

The oral testimony of the witnesses, tending as it did to show that the payment made by Stallworth was on the

judgment rendered by the county court, should have been received.

The judgment of the circuit court is reversed, the non-suit set aside, and the cause remanded.