# Powell v. Young.

*Statutory Real Action in Nature of Ejectment, by Mortgagee against Purchaser from Mortgagor.*

1. *Authentication of transcript of record.* — The city court of Montgomery having succeeded to the jurisdiction of the former county court, the clerk of that court is the legal custodian of the records of the former court, and authorized to certify transcripts of them.

2. *Judgments rendered during recent war.* — Following the decision of the supreme court of the United States in the case of *Horn* v. *Lockhart* (17 Wallace, 570), this court now holds, that judicial proceedings, had in a court of this State during the recent war, so far as they did not impair, or tend to impair, the supremacy of the United States government, or the just rights of citizens under the constitution, are valid.

3. *Admissibility of parol evidence to show mistake in mortgage.* — When a secured debt is incorrectly described in a mortgage, or the relation of the parties to it is incorrectly stated, parol evidence is admissible at law, as against a stranger, to identify the debt.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by John Powell against Leopold Young, to recover a city lot in Montgomery, together with damages for its detention ; and was commenced on the 1st November, 1872. The cause was tried on issue joined on the plea of not guilty. It was admitted that the lot belonged to John W. Gordon, on the 15th March, 1861. The plaintiff's title was founded on a mortgage, executed to him by said Gordon on that day, to secure him against liability as surety for said Gordon on certain bills of exchange, one of which was described in the mortgage as follows : " also, a bill of exchange for $5,651.25, dated on the 12th day of March, 1861, due at sixty days after date, *drawn* and *indorsed* by said Powell, and *accepted* by me," said Gordon. The mortgage conveyed five slaves, and several city lots, as to all of which, except the lot now sued for, the mortgage was released and entered of record as satisfied ; and the condition was in these words : " But, should default be made by me in the payment of said bills of exchange, or either of them, as they respectively fall due and become payable, and they (or either of them) are sued to judgment against him, the said John Powell ; " " then, and in that event, the said Powell, his heirs, administrators, or assigns shall have the power and authority to take the said property, real and personal, into his or their possession," &c.

On the trial, as the bill of exceptions shows, for the purpose of proving default in the payment of one of the secured debts, and the happening of the contingency provided against by the mortgage, the plaintiff offered in evidence a transcript from the records of the late county court of Montgomery, duly certified

[Powell v. Young.]

by the clerk of the present city court, showing a judgment against said Powell, rendered by said county court in September, 1862, in an action founded on a bill of exchange for $5,651.25, *drawn* and *accepted* by said John W. Gordon, and *indorsed* by said Powell, dated the 12th March, 1861, and payable sixty days after date. The bill of exceptions states, that the plaintiff offered this evidence "in connection with proof that said Gordon and Powell were both resident citizens of said county of Montgomery on the 15th March, 1861, and also at the time said judgment was rendered; and that the bill of exchange, on which said judgment purported to be rendered, was one of the bills of exchange described in said mortgage; and that the books purporting to contain the records of said county court are now in the office of the clerk of the city court." The defendant objected "to the admission of said transcript, offered as aforesaid;" the court sustained the objection, and excluded the transcript; and the plaintiff excepted. The plaintiff then offered in evidence "the original record of said judgment," in connection with the same proof as before; and then "the said transcript as an examined copy of said record," in connection with the same parol proof; but the court rejected the evidence in each instance, and the plaintiff excepted. In consequence of these rulings of the court, the plaintiff was compelled to take a nonsuit, which he now moves to set aside, assigning as error the rulings of the court to which, as above stated, he reserved exceptions.

ARRINGTON & GRAHAM, for appellant.

STONE & CLOPTON, *contra*.

BRICKELL, J.— The condition of the mortgage, under which appellant claims the right of entry and possession of the premises in controversy, is, that if the mortgagor made default in the payment of either of the bills of exchange, of which appellant was his accommodation drawer or indorser, and he should be sued to judgment thereon, then he should have the right to enter into possession and make sale of the premises mortgaged. To prove default, and the happening of the event on which the right of entry and possession depended, the appellant offered in evidence transcripts of judgments rendered against him as indorser, and the mortgagor as drawer, of one of the bills of exchange, payment of which was secured by the mortgage. These judgments were rendered in 1862, in the county court of Montgomery county. The appellee objected to the admission in evidence of these judgments, and the objection was sustained.

[Powell v. Young.]

1. The transcript of the record of the judgments was properly certified by the clerk of the present city court of Montgomery, which has succeeded to the jurisdiction of the former county court. He is the legal custodian of the records of that court, authorized to certify them, and to his certificate of them the verity should be accorded, which is accorded to his certificate of the records of the present city court.

2. The judgments were not void. They were the judgments of a court of competent jurisdiction, rendered on the appearance, and without objection from the mortgagor or mortgagee. In *Randolph* v. *Baldwin* (41 Ala. 305), it was decided, that the court in which these judgments were rendered, was constitutionally established ; and that the ordinance of the convention of 1865 (Ordinance No. 26) cured any objection which could be taken to its judgments because of their rendition while the State was in hostile relations to the federal government. Whether such is the effect of that ordinance, is not now a question of practical importance. The supreme court of the United States, in the recent case of *Horn* v. *Lockhart* (17 Wall. 570), in passing upon judicial proceedings had in a court of this State during the recent war, declared their validity and efficacy, when they did not impair, or tend to impair, the supremacy of the national authority, or the just rights of citizens under the constitution. In *Tarver* v. *Tankersley*, at the present term, this court announced its determination to follow the rule thus prescribed. The rendition of these judgments fixed the liability of the mortgagor and of the mortgagee, and gave rise to the contingency, on the happening of which depended the right of entry upon, and possession of the mortgaged premises. The court below, therefore, erred in not receiving in evidence the transcripts of these judgments.

3. If the bill of exchange, on which the judgments were rendered, was misdescribed in the mortgage, or the relation of the parties to it was not properly stated, parol evidence was admissible, to show that it was the debt intended to be secured. *Graham* v. *Lockhart*, 8 Ala. 5 ; *Posey & Coffee* v. *Decatur Bank*, 12 Ala. 802 ; *Morrison* v. *Taylor*, 21 Ala. 779 ; *Donald & Co.* v. *Hewitt*, 33 Ala. 534.

The circuit court erred in its rulings, and the judgment of nonsuit is set aside, and the cause remanded.