# Pegram *v.* Riley.

*Bill in Equity by Creditor, as Assignee of Surety, against Legatees and Heirs of Deceased Co-Surety.*

1. *Contribution between co-sureties; assignment of claim to creditor; statute of non-claim.*—The plaintiff in a decree against an administrator having received from one of the two solvent sureties on the official bond, in discharge and satisfaction of his liability, one-half of the amount due on the decree, reserving his right to proceed against the other surety, and taking an assignment of the paying surety's right to contribution, he can not maintain a bill in equity against the other surety, or his estate, for contribution, since the assignor paid only his own share of the common debt; nor can he maintain a bill against the heirs or legal representatives of the deceased surety, founded on the original decree, when his claim is barred by the statute of non-claim.

[Pegram v. Riley.]

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 28th February, 1889, by R. G. Pegram, as executor of the last will and testament of John D. Ragland, deceased, against Thomas S. Riley and Turner Whitfield; and sought to coerce out of property in the possession of the defendants, which had belonged to the estate of Thomas J. Riley, deceased, payment of the balance due to the complainant on a decree which he had obtained against one Fred. Hall, as administrator of said Ragland's estate under appointment by the Probate Court of Mobile, or so much thereof as said Riley's estate might be liable for under the facts stated in the bill.

Ragland died in Mobile, Alabama, in April, 1872, being at the time a resident of Virginia; and he left a large estate, partly in Virginia, and partly in Alabama. Pegram, the complainant in this suit, was nominated as executor in said Ragland's will, and he duly qualified as executor under the laws of Virginia; while letters of administration on the estate in Alabama were granted by the Probate Court in Mobile, in June, 1872, to Fred. Hall, who thereupon gave an administration bond, with William Cottrill, Thomas J. Riley, N. W. Perry, and Jacob Magee, as his sureties. On the 28th August, 1886, Hall made a final settlement of his accounts as administrator, in the Probate Court of Mobile, by which a balance of $4,261.21 was ascertained and decreed in his favor; but a bill in equity was afterwards filed by Pegram, as executor, in the Chancery Court of Mobile, to correct alleged errors of law and fact in that settlement; and by the decree of the Chancery Court, which was affirmed by this court on appeal, in January, 1889, a decree for $8,246.64 was rendered in favor of the complainant against said Hall. Thomas J. Riley, one of the sureties on Hall's administration bond, died, intestate, on the 12th December, 1883, leaving a considerable estate, which passed into the possession of the defendants to this suit, by legal succession from him; and William Cottrill, another one of the sureties, died on the 12th February, 1887, leaving a considerable estate. On the 25th April, 1888, after the rendition of said chancery decree, but before its affirmance by this court on appeal, Pegram, as executor, filed a bill in the Chancery Court at Mobile, against the heirs and personal representatives of Cottrill, to enforce payment of said decree against Hall, out of the property belonging to Cottrill's estate; and on the 22d

[Pegram v. Riley.]

February, 1889, after the affirmance of said decree on appeal, the suit was settled by compromise. By the terms of the compromise, Cottrill's representatives paid to Pegram about one-half of the decree against Hall ($4,125), and assigned to him their right to contribution against Riley's estate; and Pegram also reserved the right to proceed against Riley's estate, for the unpaid balance due on the decree against Hall.

The bill stated the above facts, and further alleged, that Hall was entirely insolvent; and that Magee and Nelson, the other sureties on the administration bond, "died many years ago, and their estates are insolvent." The prayer of the bill was, that the defendants "be decreed to pay to complainant, from and out of the property and assets of the estate of said Thos. J. Riley, deceased, which may have come to their hands, in such proportion as the court may deem just and proper, the sum of $2,062.50," being one-half of the sum paid by Cottrill's estate; and the general prayer was added. The chancellor sustained a demurrer to the bill for want of equity, but granted the complainant leave to amend; and his decree is now assigned as error.

OVERALL & BESTOR, for appellant.—(1.) The decree against Hall is conclusive on his sureties on the administration bond.—*Broughton v. Robinson*, 11 Ala. 922; *Kyle v. Mays*, 22 Ala. 692; *Ward v. Yonge*, 45 Ala. 474; *Hightower v. Moore*, 46 Ala. 387; *Grace v. Martin*, 47 Ala. 135; *Jones v. Ritter*, 56 Ala. 270; *Mays v. Kelly*, 61 Ala. 489; *Martin v. Tally*, 72 Ala. 24. (2.) Pegram's debt against Hall was paid and satisfied by Cottrill's executors, by compromise. As to Cottrill's estate, the claim was contingent, and did not accrue until payment. The right of contribution dates from the payment, and the statute of non-claim commenced to run from that day.—*McBroom v. Governor*, 6 Porter, 32; *Neil v. Cunningham*, 2 Porter, 171; *Cawthorn v. Weisinger*, 6 Ala. 716; *Hooks v. Br. Bank*, 8 Ala. 580; *Pinkston v. Huie*, 9 Ala. 252; *Jonas v. Lightfoot*, 10 Ala. 17; *Winter & Gayle v. Br. Bank*, 23 Ala. 762; *Fretwell v. McLemore*, 52 Ala. 141; *McDowell v. Jones*, 58 Ala. 25; *McDowell v. Brantley*, 80 Ala. 174. (3.) The right of contribution is founded on principles of natural justice and equity, on the maxim that, as between co-sureties, equality is equity. Whether the statute of non-claim has barred all relief based on the original decree, or not, is immaterial;

[Pegram v. Riley.]

the fact remains, that Cottrill's estate has paid $4,125 on it, and Riley's estate has paid nothing.—*White v. Banks*, 21 Ala. 705; *Jemison v. Governor*, 47 Ala. 406; *Bragg v. Patterson*, 85 Ala. 233; *Vanderveer v. Ware*, 69 Ala. 38; Brandt on Suretyship, § 240; *Broughton v. Wimberly*, 65 Ala. 549.

R. H. CLARKE, *contra.*

CLOPTON, J.—Appellant, the executor and domiciliary representative of the estate of John D. Ragland, having obtained, January 11, 1889, a decree for the sum of $8,246.64 against Fred. Hall, the appointed administrator of the estate of the decedent in Alabama, filed a bill against the executors of the estate of William Cottrill, who was a surety on Hall's administration bond, to compel the payment of the decree. During the pendency of the suit, the parties entered into a compromise and settlement, on the following terms: Appellant released and discharged the executors and the estate of Cottrill from all liability, claim and demand arising from his suretyship, in consideration of the payment of $4,125, and the costs of the suit, and also of an assignment of the claim to contribution from the estate of Thomas J. Riley, who was a co-surety on the bond. By the compromise and settlement it was understood and agreed, that the amount paid by Cottrill's executors should be a credit on the decree, in extinguishment of only one-half thereof, and should not in any way affect or impair any claim, right or remedy, which appellant had against the other obligors in the bond; the right to proceed against them being reserved. Riley, the co-surety, died in 1883, and in July, 1887, on final settlement of his estate, the property was distributed between his widow and son, who were his only legatees and devisees. The widow died thereafter, leaving a will, by which her portion of the estate of her husband was bequeathed and devised to the appellees. Appellant, as such executor, brings the present bill against them, to reach the property which they acquired and received under the successive wills of Riley and his widow. There are other sureties on the bond; but the bill avers that they are dead, and their estates insolvent. The principal obligor is also insolvent.

Counsel for appellant properly concede, that the bill does not seek to enforce payment of the portion of the decree which was unsatisfied and unextinguished by the compromise

[Pegram v. Riley.]

and settlement. If such were its purpose, it could not be maintained, for the averments show the claim to be, *prima facie*, within the bar of the statute of non-claim, and there is no allegation of a presentation as required by the statute. The object of the bill is, to enforce contribution from the estate of Riley to the extent of one-half of the amount paid by Cottrill's executors. Appellant only acquired by the assignment Cottrill's equity to contribution. A mere payment upon the common debt does not entitle a surety to contribution from a co-surety. Being an equity springing from the relation of the parties, and resting on the principle, that between those who have voluntarily assumed a common burden, equality is equity, it may be rebutted by circumstances showing that the payment does not disturb the equality of proportions. A creditor may accept composition, and discharge a surety on payment of a less sum than the full liability, reserving the right to proceed against a co-surety, to recover the unpaid part of the original debt, if it does not exceed the proportion for which he was originally liable in all events. The right is limited to the extent of his proportion upon an equitable apportionment of the common debt. A discharge of one surety from the entire debt, on payment of a sum less than his share, operates to discharge the other surety to the full amount of the former's proportion. As between the co-sureties, each is absolutely liable for his share of the common obligation, and contingently liable to the other for any excess of his proportion which he may pay, but only for the excess. From these principles it follows, that until one surety shall pay more than his share, inequality of proportions is not produced, and no equity to contribution arises. If Cottrill's executors had discharged the entire liability as to all the sureties, though by payment of one-half or less of the decree, they would have been entitled to contribution from Riley's estate.—*Stallworth v. Preslar*, 34 Ala. 505. But, by the composition, the estate of Cottrill obtained a release and discharge by payment of only one-half of the decree, and stipulated that the same should be only a credit thereon, and that complainant might reserve the right to proceed against the other sureties. The other sureties being insolvent, one-half was Cottrill's equitable share. Not having paid more than the amount for which he was absolutely liable, his estate is not entitled to contribution, unless there are circumstances which take the case out of the operation of the general rule.—*Ex parte*

*Gifford*, 6 Ves. 805; *Davies v. Humphries*, 6 M. & W. 152; *Lyttle v. Pope*, 11 B. Mon. 297; *Camp v. Bostwick*, 5 Amer. Rep. 669.

Appellant contends, that the decree is satisfied by the payment and the operation of law, as effectually as if the full amount had been actually paid, and that the consideration of satisfaction emanated from Cottrill's estate. It is insisted, that as Riley's estate is discharged from liability by the operation of the statute of non-claim, the payment under the compromise and settlement constitutes a payment sufficient to originate the right to contribution. The vice of the contention is, that the payment by Cottrill's executors did not work a satisfaction of the entire decree as to Riley's estate. The bar of the statute of non-claim is not a satisfaction of the claim, but an extinguishment of personal liability therefor because legal proceedings for its recovery are forever barred. Also, if the bar of the statute operates as satisfaction, the entire decree was thereby satisfied as to Riley's estate, independent of, and prior to the payment by Cottrill's executors. To allow them to set up satisfaction of the whole decree by the co-operation of the statute of non-claim and the payment, as a basis on which to found an equity to contribution, when, in order to procure the discharge of his estate, they agreed that the decree should not be satisfied except to the extent of the payment, and that complainant's claim and remedy against the other sureties should not be affected or impaired thereby, would be to allow them to base a liability against Riley's estate on a satisfaction of the whole decree, which they expressly agreed should not be the result, and on the effect of a statute which was intended to be protective only. On the facts, Cottrill's executors have not lifted any part of the common burden, which Riley was bound to bear in all events; and without this, an essential element of the right to contribution is wanting.

Affirmed.