# Cummings *v.* May.

*Bill in Equity between Sureties, for Contribution.*

1. *Contribution between solvent sureties, when one is insolvent.*—When one of several co-sureties is insolvent, and the common debt is paid by two or more of the others, or satisfied and discharged by compromise, they are entitled to recover from one who refuses to pay anything, not only his own proper portion of the debt, or amount paid in satisfaction of it, but also his proportionate part of the share of the

[Cummings v. May.]

insolvent surety. But this principle does not apply, where all the co-sureties except one, by agreement among themselves, raise a common fund for the payment or satisfaction of the debt, some contributing more than their aliquot share, and others less, agreeing to release the latter from any further liability: such payment in part and release as to the residue being the equivalent of payment in full, the other paying sureties can not hold him who refuses to pay liable for more than his own proper share of the amount paid.

2. *Same; discharge of principal by paying surety.*—If the surety who pays and satisfies the debt, whether in full or by compromise, dis-ables himself to proceed against the principal for reimbursement, he thereby disables himself to proceed against his co-sureties for contri-bution; but this is not the effect of a partial assignment of the judg-ment against the principal and sureties, which gives him the right to use it in enforcing contribution from his co-sureties, "but not to be used by him against said B." [principal], against whom the creditor reserves the right to proceed by execution to collect the balance of the debt over and above the sum paid in compromise.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. A. H. BENNERS, as special chancellor.

The record in this case shows these facts: W. G. Britton was elected tax-collector of Hale county at the general elec-tion in August, 1880, and gave bond as required by law, for the faithful discharge of his duties, with C. D. Cummings, Thos. J. Kinnard, James Collins, Thaddeus T. May, G. M. Na-bors, T. J. Anderson, N. H. Gewin, and John Prisoc, as his sureties. Britton made default, and was removed from office before the expiration of his term. On the 11th October, 1883, a judgment for $11,223.82 was rendered by the Circuit Court of Hale, in the name of the county, against said Britton and his sureties; and on the 25th October, 1883, a judgment was ren-dered against them, in favor of the State, for $4,224.31, on ac-count of his defaults. All the sureties on the bond were made defendants to each of these actions, but each of them was dis-continued as to said T. T. May, who was not served with pro-cess. The judgment in favor of the State was afterwards paid by the sureties (except May), and they took an assignment of it to themselves, under which they afterwards collected under execution against Britton the sum of $389.81; but the record does not show at what time the judgment was paid, nor the amount paid by each of the sureties. Said sureties also paid the judgment in favor of the county, or satisfied it by compro-mise on payment of $3,750, besides costs. The bill in this case was filed, on what day the record does not show, by the pay-ing sureties, against May and others, to recover contribution from May for his proportion of the money paid on said judg-ments, and to enforce a statutory lien against his property, in priority of the lien of several mortgagees, who were joined with him as defendants.

[Cummings v. May.]

The compromise of the judgment in favor of the county, as entered on the minutes of the Commissioners Court, at its February term, 1884, was in these words : "In the matter of the application of the sureties of Wm. G. Britton, late tax-collector of Hale county, to compromise and settle the judgment recovered against them, for $11,223.82, and costs. Upon due consideration of the aforesaid application, it is agreed, adjudged and ordered, for satisfactory reasons shown to the court, that the said debt and judgment, in so far as said sureties are concerned, be compromised for the sum of $3,750 and costs [?] by said sureties, or either or any of them, the same shall be received by said county in full satisfaction and discharge of said sureties so paying the same. But it is expressly adjudged [agreed ?] that said W. G. Britton shall still remain bound to the said county for every dollar of said judgment, except the amount so paid by his sureties, and as to him no release or compromise is intended. And five of said sureties, to-wit, C. D. Cummings, T. J. Kinnard, Jas. Collins, Geo. M. Nabors, and John Prisoc, now this day appear in court, and pay into court the sum of $3,750 and costs, as above agreed to be accepted in full payment and discharge of them from all further indebtedness or liability to said county on account of said judgment against them as the sureties of W. G. Britton as aforesaid. Now therefore it is adjudged and decreed, that the above named sureties," naming the said five, "are hereby discharged and released from all further loss or liability to said county, so far as the said judgment is concerned ; and it is further adjudged and decreed that the said judgment, in so far as the same applies to W. G. Britton, is hereby assigned to them, under and by virtue of section 3418 of the Code of Alabama, and for the purposes therein contained, and that the same may be used against their co-sureties who have heretofore failed to pay and contribute to the payment of said judgment, but not to be used by them against said Britton ; and that said sureties named may, by execution on said judgment, collect the same, with interest and costs, against their co-sureties not paying, in the name of the plaintiff for their use, and may assert, in law or equity, any lien or right against said sureties so failing to contribute, which the plaintiff could assert. It is expressly agreed and decreed, between said county and said sureties above named, that in the further prosecution of the cause so assigned to them, in seeking to be reimbursed, no costs shall accrue to the county, but it shall be protected from any liability to costs on such or any proceeding from this date ; and it is expressly understood that said county reserves the right to enforce her execution against said Britton."

[Cummings v. May.]

By agreement of record the following facts were admitted: "Pending the settlement of the judgment against said Britton and his sureties on his bond as tax-collector, all the sureties except T. T. May met together, to devise ways and means to settle and arrange said indebtedness, to ascertain how much property each had, to apportion to each an amount equitably and justly to be paid according to the amount of property they had, and their several ability. In making the agreement among themselves to contribute as such sureties, the following apportionment was agreed on as just and equitable for each to pay, namely: C. D. Cummings, $2,500; J. T. Kinnard, $1,600; James Collins, $700; Geo. M. Nabors, $500; John Prisoc, $250; N. H. Gewin, $500; and T. J. Anderson, $500. All of said parties paid said sums except T. J. Anderson, who paid nothing; but certain of his lands were afterwards sold, March 31st, 1884, under executions on said judgments, which were then held and controlled by said sureties who had paid and satisfied them; at which sale, said Cummings and Kinnard bought said land for $192. This was all the property owned by said Anderson at that time, out of which any money could have been realized by execution. At the time said agreement was entered into among said several sureties, Cummings, Kinnard and Collins gave said Nabors a written release, under seal, from any further liability as surety; the release being dated February 16th, 1884, and in these words: 'In consideration of the payment of $500 by G. W. Nabors, as one of the sureties of W. G. Britton, it is hereby expressly agreed, that we, co-sureties, shall never in any manner claim any further payment or contribution from him, and in the further prosecution of the judgments and executions in the name of the State and county no levy shall ever be made on his property, nor money be collected from him, nor shall he in any manner be proceeded against.' It is admitted, also, that said Nabors then owned 160 acres of land in said county, on which he resided, worth $1,000, and which he has recently sold, on time, for $1,600; that his personal property was not worth $1,000, and that he owned no other property."

The original bill was filed in the names of Cummings, Kinnard, Collins, Anderson, Prisoc, Nabors and Gewin, against May and several persons who held mortgages on his lands; and prayed that the complainants be subrogated to the statutory lien of the State and county, as against May's property, that it be subjected to their claim for contribution, and that their lien be declared prior and superior to that of the several mortgagees. The cause being submitted for decree, on pleadings and proof, to Chancellor Thos. Cobbs, he held that only

[Cummings v. May.]

Cummings and Kinnard, who had paid more than their share of the common debt, were entitled to claim contribution from May, and that the misjoinder of the other paying sureties was fatal to their claim for relief; but he gave complainants leave to amend their bill. The bill was afterwards amended, by striking out the names of all the complainants except Cummings and Kinnard, making the others defendants; but no relief was asked against them as defendants, and, by agreement, no objection was interposed to any irregularity in the proceedings, the material question being the right to contribution on the part of Cummings and Kinnard as against May. The cause being again submitted for final decree on pleadings and proof, the special chancellor (A. H. BENNERS) held, (1) that the complainants were not entitled to contribution from May, on account of moneys paid on the judgment in favor of the county, because, by the terms of the compromise, they had disabled themselves to proceed against Britton, their principal; (2) that they were entitled to contribution on account of the money paid in satisfaction of the judgment in favor of the State, after deducting the sums collected under execution against Anderson and Britton respectively, but nothing on account of the agreed payment made by Nabors; (3) that the complainants were entitled by subrogation to enforce the statutory lien on May's property, but (4) that said lien was subordinate and inferior to that of the several mortgages executed by May prior to January 1st, 1883; but he did not specify the date at which the statutory lien accrued on account of the collector's default; and, ascertaining by calculation that May's proportion of the amount paid on the judgment in favor of the State was $755.98, declared a lien on May's property for that amount, in favor of complainants, in preference to all the mortgages executed after the 1st January, 1883. The complainants appeal, and assign this decree as error.

THOS. R. ROULHAC, for appellants.—(1.) The equity of the bill is not disputed, and is supported by *Knighton v. Curry*, 62 Ala. 413; *Schuessler v. Dudley*, 80 Ala. 550; *Dallas Co. v. Timberlake*, 54 Ala. 402; 2 Brock. 159; 73 N. C. 391. (2.) The compromise of the judgment in favor of the county did not release Britton from liability to the sureties, but only provided that the paying sureties should not be allowed to enforce it to the prejudice of the county, leaving to any surety the right to maintain against him an action for money paid. (3.) In computing the right to contribution among solvent sureties, an insolvent surety is not considered; and this rule applies to Anderson, from whom a small amount was collected

[Cummings v. May.]

under execution. The same rule applies with equal force to Nabors, who paid by agreement more than could have been collected by execution.—Brandt on Suretyship, § 256; 51 N. H. 613. (4.) The complainants' lien accrued on the default of their principal, and antedated all of the mortgages executed by May.

McCLELLAN, J.—We find no error in the decree of the special chancellor in respect to May's liability to contribute to the payment of the State's judgment against Britton and seven of his eight sureties. Anderson being insolvent, *prima facie*, the share of each of the other sureties was one seventh of the sum remaining after the money realized from the principal and Anderson had been applied to it. This balance was paid by Cummings, Kinnard, Nabors, Prisoc, Collins and Gewin, the amount contributed by each having been fixed by agreement among themselves, upon the basis of the property owned by them respectively; and each, expressly or impliedly, discharged from all liability to the others, upon the payment of the sum so ascertained. The apportionment among these six sureties in this way resulted in the contribution of sums varying in amounts from $2,500, in the case of Cummings, to $250 paid by Prisoc; but, whether the respective sums were great or small—less or in excess of the aliquot share of each—all of these payments went together into a common fund for the satisfaction of the judgment, and not one of them was applied as a separate payment *pro tanto* of the judgment. Those who paid more than their proportionate share of the common burden, accepted the smaller contributions of others, in full acquittance of the latter's liability in the premises; and it can make no difference whether the amounts so accepted were greater or less than could have been made out of the parties on execution.

Though, in point of fact, Nabors and others who contributed less than their aliquot shares, and were in consequence discharged, may not have had any property amenable to process, Cummings and Kinnard have treated them as being able to respond, and upon that theory had them to pay certain sums, which went to complainants' benefit in making up the fund which otherwise they would have had to pay in full; and they can not now be heard to say that these co-sureties were insolvent, and although we released them for a valuable consideration moving to us, in the shape of a valuable contribution toward raising a burden which practically rested on us alone, this contribution must be credited on the judgment, as if it had been coerced out of the principal, no account to be taken

[Cummings v. May.]

of our release, and these sureties, as between us and May, must be treated and considered as insolvent, and May forced to contribute to the balance, as if Nabors and the others had not been sureties at all. The chancellor correctly held that the principle, under which an insolvent surety is not considered in respect to contribution between the solvent co-sureties, had no application in this case except as to Anderson, and that the complainants, having accepted from Nabors and others, respectively, less than one-seventh of the whole debt, and released them from all further liability, were entitled to contribution from May precisely as if they had paid their full aliquot shares—the payment of part and the release of the residue being the equivalent of payment in full.—*Ex parte Gifford*, 6 Vesey, 805; *Fletcher v. Grover*, 11 N. H. 368; *Currier v. Baker*, 51 N. H. 613.

With respect, however, to the claim for contribution which is based upon payments made to the county of Hale, the chancellor fell into error. May, in our opinion, was liable to complainants for one-seventh of the sum paid by complainants and the other sureties in compromise and settlement of the county's claim against them. It is well settled, and not controverted here, that where a surety satisfies the full demand by paying less than the whole amount due, he may call on his co-sureties to reimburse him as to all he pays in excess of his aliquot part.—*Stallworth v. Preslar*, 34 Ala. 505; *Pegram v. Riley*, 88 Ala. 399; *Gross v. Davis*, 10 Amer. St. Rep. 635, notes. And where the demand is thus fully satisfied as against the sureties, though the principal debtor may still remain bound for the residue to the creditor, we do not doubt that the paying surety is entitled to contribution from those who have not paid. It may be conceded, that if the surety who pays the claim disables himself to proceed against the principal for reimbursement, he thereby also disables himself to proceed against co-sureties for contribution.—*Fletcher v. Jackson*, 23 Vt. 581; *United States v. Simpson*, 24 Amer. Dec. 331; *Johnson v. Bank*, 43 Amer. Dec. 480. And the chancellor, construing the contract of settlement between Hale county and complainants, Nabors, and others, to operate a release of Britton, the principal, from all liability to the sureties on account of the payment made by them, proceeded on this principle to deny their right to contribution from May. A very careful examination and consideration of the contract leads us to a different conclusion. We construe it to mean that all the sureties, including May, as well as those who contributed, are discharged from further liability to the county, and while the county's judgment against Britton is not assigned to the con-

[Camp v. Marion County.]

tributing sureties, and he is not released from liability thereon to the county, except to the extent of the payment by such sureties; yet, they are in no wise precluded to proceed against him, regardless of the judgment, in an action for money paid, for the recovery of the $3,750 they have paid to the county for him; and upon payment by May of his one-seventh of this sum, he would succeed to their rights to the extent of his payment, and could recover the same from Britton. A decree should therefore go against May for one-seventh of $3,750, with interest from the time that sum was paid to the county of Hale.

There is no reason disclosed in this record to disturb the conclusion of the special chancellor as to the date of Britton's default, and the dependent priorities between the liens arising in favor of the State and county, on the one hand, and the mortgages executed by May, on the other.

For the error pointed out above, the decree is reversed, and the cause remanded.